MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from an order of the Second Judicial District, Silver Bow County, Montana, returning custody of Michael John and Sarah Sarsfield to their mother, Linda Sarsfield. This is the second time this custody dispute has reached this Court, In Re the Marriage of Sarsfield (Mont. 1983), [206 Mont. 397,] 671 P.2d 595, 40 St.Rep. 1736.
Michael and Linda Sarsfield were married in 1970. Two children were born of the marriage: Michael John and Sarah. The marriage was ever precarious and in 1980 Linda filed a petition for dissolution. The final decree of dissolution was issued in February of 1981. Linda received custody and Michael received liberal visitation rights.
Little more than a year later Michael filed a petition to modify the custody decree. He alleged that Michael John and Sarah had been left alone with M.M., whom Michael believed to be a child molester. He further alleged that Linda was planning to marry M.M. and that the home environment of the children seriously endangered their physical, moral and emotional well being. Michael sought temporary and permanent custody of the children. Linda admitted her pending marriage to M.M. but denied that the children were in any danger or that a change of custody would be in their best interest.
After several hearings on the proposed modification, the court found that the children were seriously endangered by the association of M.M. with Linda, because of M.M.’s status as a child molester, and that there was a danger of further harm if the children stayed in Linda’s custody. The court found that the transfer of custody to Michael was in the best interest of the children and so ordered. Linda received visitation rights.
On appeal it was found that there was substantial evidence “to suggest that a potentially serious situation existed with respect to M.M.’s association with Linda and her children.” Sarsfield, 671 P.2d at 602, 40 St.Rep. at 1742. Further, it was found that the potential danger to the children constituted a change in circumstances sufficient to justify modifying the prior decree. However, this Court reversed on the grounds that the District Court did not allow evidence *125 on the issue of Michael’s fitness as a custodial parent. The case was then remanded with specific instructions as to the nature and scope of further proceedings.
At the conclusions of the remand hearing, the lower court found Michael a fit custodial parent. However, it also found that there was no longer a danger posed to the children because Linda had effectively severed her relationship with M.M. Therefore, the District Court ordered that the original decree be reinstated in all respects. It is from that order that Michael Sarsfield now appeals.
The issue presented by this case is whether the District Court erred by not complying with the directives of this Court on remand.
The notion that a lower court must abide by the mandates of a higher court is both logical and clearly expressed in the law of Montana. Section 3-2-204(1), MCA reads: “The supreme court may affirm, reverse, or modify any judgment or order appealed from and may direct the proper judgment or order to be entered or direct a new trial on further proceedings to be had.” It has been held that this statute gives this Court the power to remand a case to lower court “accompanied by instructions that direct further action be taken by it in accordance with those instructions.” State ex rel. Olson v. District Court of Nineteenth Judicial District (1979), 184 Mont. 346, 349, 602 P.2d 1002, 1003-4. In Olson it is stated unequivocably that a lower court cannot ignore an appellate court’s mandate in disposing of case on remand. Failure to follow the directives of the appellate court constitutes error. Further, a district court cannot fail to carry out the directives of this Court when a case is remanded for further proceedings. In Re Stoian’s Estate (1960), 138 Mont. 384, 390, 357 P.2d 41, 45.
The instruction to the District Court on remand in this case are clear and are set out as follows:
“upon remand, the trial court shall take testimony relating to facts or allegations that have arisen since the prior decree or that were unknown to the court at the time of entry of that decree concerning Michael’s fitness to obtain custody. The trial court shall decide whether its findings with respect to Michael’s fitness, considered in conjunction with its earlier findings concerning the changes in circumstances, still warrant modification of the initial decree by placing the Sarsfield children in Michael’s custody.” Sarsfield, 671 P.2d at 604, 40 St.Rep. at 1745-6. (Emphasis added.)
The District Court did not abide by these instructions. At the opening of the remand hearing the court indicated its awareness *126 that testimony was to be presented regarding Michael’s fitness to be a custodial parent. Though some of the subsequent testimony did concern that subject, the great majority of the hearing was devoted to Linda Sarsfield’s relationship, or lack thereof, with M.M. Linda’s attorney obviously viewed the remand hearing as an opportunity to reopen the question of Linda’s relationship with M.M. and whether or not the relationship constituted a sufficient change of circumstances to warrant a change of custody. But the findings concerning change of circumstances had been affirmed by this Court on the initial appeal and were not properly a subject for the remand proceedings. See Sarsfield, 671 P.2d at 603. The clear import of the instruction on remand was that the District Court should weigh whatever findings it made regarding Michael’s fitness as a parent against the already settled findings regarding change of circumstances. It was then to decide if modification of the initial decree was still warranted. By failing to do this the District Court has committed error. In finding from the remand hearing that Michael Sarsfield has matured since his remarriage and offers a stable and loving home for his children, but then concluding from the same hearing that a lack of change of circumstances prevents the modification of the initial decree, the District Court has exceeded its mandate from this Court.
Accordingly, the May, 1984, order is reversed and custody of Michael John and Sarah Sarsfield is awarded to their father Michael Sarsfield pursuant to the District Court’s finding that he is a fit custodial parent.
MR. JUSTICES WEBER, SHEEHY and HUNT concur.