No. 87-199

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

MICHAEL S. CAREY and KRISTINE
J. CAREY,

          Plaintiffs and Respondents,

    -vs-

ORVILLE WALLNER and GRACE WALLNER,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
           In and for the County of Gallatin,
           The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morrow, Sedivy & Bennett; Terry Schaplow, Bozeman,
        Montana

    For Respondent:

        Michael J. Lilly, Bozeman, Montana

---

Submitted on Briefs: Aug. 6, 1987

Decided: October 29, 1987

Filed:

*Ethel M. Harrison*

---
Clerk

Mr. Justice R.C. McDonough delivered the Opinion of the Court.

Both parties appealed the first judgment in this action. See Carey v. Wallner (Mont. 1987), 725 P.2d 557, 43 St.Rep. 1706. Therein this Court affirmed in part, and reversed and remanded in part with instructions to amend the judgment. Pursuant to the remand, the District Court of the Eighteenth Judicial District entered an amended judgment on January 6, 1987. The appeal currently before us contests the validity of that judgment. We affirm.

Briefly summarized, the facts from the former case reveal a contract for deed dispute. Careys petitioned for rescission of the parties' contract alleging failure of consideration and breach of warranty. The District Court found that Wallners breached certain warranties, and concluded that Careys should receive damages and Wallners should receive the return of the contract property. In its first judgment, however, the District Court failed to formally revest title, and failed to formally grant rescission.

On appeal of the first judgment, Wallners contended that the District Court erred in granting rescission because restoration of the property would not return them to the pre-contract status quo. Carey, 725 P.2d at 561. This Court affirmed the District Court's finding because:

> Absolute and literal restoration is not required, it being sufficient if the restoration be such as is reasonably possible or as demanded by equity. O'Keefe v. Routledge (1940), 110 Mont 138, 146-147, 103 P.2d 307, 310.

<u>Carey</u>, 725 P.2d at 561. Although the District Court was affirmed in regard to Wallners' appeal, the case was remanded with instructions to the District Court to correct its error in calculating Careys' damages. <u>Carey</u>, 725 P.2d at 562.

The District Court fulfilled the instructions over more objections by Wallners. At the hearing held pursuant to the remand, Wallners attached an affidavit and various unsworn statements to a brief supporting their proposed amended judgment. The affidavit and the statements purported to show that the property's value had dropped from $75,000 to $30,000, and Wallners' proposed amended judgment held Careys liable for the alleged drop in value. The District Court refused to adopt Walners' amended judgment reasoning in its order memorandum that:

> For this Court to accept that value would clearly contravene the opinion of the Montana Supreme Court which pegged the value at SEVENTY-FIVE THOUSAND DOLLARS ($75,000). Furthermore, it would be making a leap of faith that such decreased value was due to the Plaintiffs' neglect rather than a fluctuation in the real estate market. Also, as the Plaintiffs argue, the property has actually been in the hands of the Defendants since the Defendants did not request a stay of execution of of this Court's judgment. It appears to this Court that to decrease that value would be totally inappropriate.

Wallners have appealed the amended judgment contending that this Court's prior ruling, and equity, require the award of more than the allegedly devalued property. First, in regard to the prior ruling, Wallners contend that this Court's decision depended on the return of property valued at $75,000. Second, in regard to equity, Wallners contend that the risk of damage to the contract property remained with Careys during the pendancy of the appeal. In support of the

equity argument, Wallners contend that (1) they could not retake title due to the District Court's failure to revest title, (2) Careys vacated the property despite the fact that title had not been revested in Wallners, (3) Careys' failure to remain caused damage to the property, and (4) the damage caused by Careys constitutes a violation of their statutory duty to return everything of value received under the contract.

We have considered and decided both issues. First, in regard to the effect of the former opinion, Montana law empowers this Court to order the proper judgment. Section 3-2-204, MCA. Once we order a particular judgment, the lower court has no discretion to alter it. See In re the Marriage of Sarsfield (Mont. 1985), 695 P.2d 473, 474, 42 St.Rep. 231, 233; State ex rel. Olson v. District Court of Nineteenth Judicial District (1979), 184 Mont. 346, 349, 602 P.2d 1002, 1003-4; In re Stoain's Estate (1960), 138 Mont. 384, 390, 357 P.2d 41, 45. Applying this rule to demands for relief on a second appeal, the Court of Appeals of Oregon stated:

> Relief from asserted changed conditions or rights allegedly accruing or injuries allegedly occurring pending or following appeal can be had, if at all, only by resort to an original proceeding by which appropriate relief may be sought. See for example Mackall v. Richards, 116 U.S. 45, 6 S.Ct. 234, 29 L.Ed. 558 (1885); Galbreath v. Wallrich, 48 Colo. 127, 109 P. 417 (1910).

City of Idanha v. Consumers Power Inc. (Ore. Ct. App. 1973), 509 P.2d 1226, 1228. We adopt the Court of Appeals of Oregon's reasoning in the application of this rule. Thus, this Court's previous opinion limited the District Court's remand powers. Its discretion extended only to the entry of the proper judgment.

At any rate, Wallners misconstrue our first opinion. We did not order that the District Court revest title to property currently valued at $75,000. Rather, we affirmed the District Court's finding that Wallners should receive no more than the return of the contract property valued near the time Careys offered to return it. This was all Wallners were to receive because the burden of the mistake which lead to the breach of the warranties "must fall on Wallners." Carey, 725 P.2d at 561.

In regard to Wallners' equitable contentions, we need only point out that a "land contract such as is involved here is an executory contract and the legal title does not pass until the conveyance is actually made." Dobitz v. Oakland (1977), 172 Mont. 126, 130, 561 P.2d 441, 443. Thus, although the contract transferred the beneficial interest in the realty to Careys, they never received legal title from Wallners. Therefore, Wallners have no grounds to argue that Careys' duty to maintain the premises continued until Wallners received the return of title to the property. Wallners never lost title to the property.

Furthermore, any duty to maintain the property incident to Careys' possession terminated when the District Court found that rescission was appropriate. This is true because rescission extinguishes contract duties. See § 28-2-1701, MCA. Wallners may attempt to argue that recission never occurred because the District Court failed to formally grant rescission in its judgment. To prevent the appearance of that issue before this Court, we now take the opportunity to point out that Wallners' original appeal contested the propriety of the rescissionary remedy. Wallners may not appeal an issue on the one hand, and on the other deny the basis for its existence. Our previous decision constitutes res judicata as to this issue. In particular, as we stated

5

previously in the face of similar contentions, there "must be an end to litigation, and in this matter it has been reached." Gray v. Bohart (1957), 131 Mont. 522, 524, 312 P.2d 529, 531.

_____
                          Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
           Justices