No.   95-369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

BILLY A. SLATER,

      Plaintiff and Respondent,

  -vs-

CENTRAL PLUMBING AND HEATING COMPANY,

      Defendant and Appellant,

  and

EDSALL CONSTRUCTION COMPANY, INC.,
(AMERICAN STATES INSURANCE COMPANY,
SUBROGEE),

      Defendant and Respondent.

FILED

FEB 22 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          George D. Goodrich; Garlington, Lohn & Robinson,
          Missoula, Montana

      For Respondent:

          James R. Walsh; Smith, Walsh, Clarke & Gregoire,
          Great Falls, Montana

Submitted on Briefs:  January 18, 1996

Decided:  February 22, 1996

Filed:

_____
             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Central Plumbing & Heating Company (Central) appeals from the March 17, 1995, order of the Eighth Judicial District Court, Cascade County, granting American States Insurance Company's (American) summary judgment on a cross-claim, brought in the name of Edsall Construction Company (Edsall), concluding that Central had breached its contract with Edsall. We reverse.

We consider the following issues on appeal:

1. Did the District Court err in granting summary judgment to Edsall concluding that Central breached the subcontract agreement?

2. Did the District Court err in awarding prejudgment interest and attorney's fees to Edsall?

Edsall was the general contractor on a project to build a commissary building, over 30 feet high, on Malmstrom Air Force Base, located near Great Falls, Montana. Edsall contracted with Central, a subcontractor, to perform work on the project. In turn, Central sub-subcontracted with other construction companies, including Building Sprinkler Company. On March 10, 1988, Billy Slater (Slater), an employee of Building Sprinkler, was injured when a wheel on the motorized scaffolding he was using to install a fire control system fell into a floor drain grate causing the scaffolding to tip and Slater to fall. Defendant Central had installed the floor drains.

Slater filed suit against Edsall and Central for his injuries. Slater moved for partial summary judgment as to liability against Edsall. The District Court found that "the party originally

2

responsible for job safety has a non-delegable duty to employees of subcontractors." The District Court determined that, by virtue of its prime contract with the United States Government, Edsall had a nondelegable duty to provide for the safety of workers and ensure the compliance of subcontractors. The District Court ruled that Edsall, in failing to properly cover or protect the floor openings, had violated its own contractual duties as well as the Montana Scaffolding Act, §§ 50-77-101 to 50-77-107, MCA, (the Act). Further, the District Court recognized that as the party in control of the work, Edsall was absolutely liable for any violation of the Act. Thus, the District Court granted the motion for partial summary judgment against Edsall on the issue of liability.

In addition, Slater moved for partial summary judgment against Central; the court, however, denied that motion. Before trial, Slater settled with Central. The District Court directed a verdict for Slater against Edsall on the questions of duty, breach and causation, thus, the jury determined only the amount of damages. The jury awarded Slater $675,000. No appeal was taken from this verdict. American, Edsall's insurer, paid the judgment.

Subsequently, American, in Edsall's name, filed an amended cross-claim against Central claiming indemnification due to Central's breach of the subcontract agreement between Central and Edsall. American's complaint alleged that:

> The contract between Edsall and Central, and in particular the first paragraph thereof, was breached by Central . . . These breaches caused the judgment against Edsall and payment by Edsall to Billy Slater described herein, and for that reason, Edsall is entitled to be fully indemnified by Central Plumbing and Heating

3

> for its loss
>
> .    .
>
> Alternatively, and in addition to the foregoing, the contract between Edsall and Central provides at paragraph 9 that Central will protect and indemnify Edsall against any loss or damage suffered by anyone arising through the negligence of Central, or those employed by it, or its agents or servants. Under this provision, Central is liable to Edsall for all damages caused by its negligence, the negligence of its sub-sub-contractor, or of Billy Slater himself.

Both Central and American moved for summary judgment. Central claimed that "Edsall, by virtue of its prime contract with the United States Government, had a non-delegable duty to provide for the safety of workers and ensure the compliance of subcontractors." Further, because Central was not the party in control of the workplace, it was not liable as a matter of law. American argued that Central had breached the subcontract agreement by not complying with the Act and the Occupational Safety and Hazard Act (OSHA). On April 18, 1992, the District Court granted summary judgment in favor of American on the breach of contract claim leaving the question of damages for a later determination. On March 17, 1995, the District Court awarded judgment against Central in the amount of $630,044.31 (the amount that American had paid Slater), together with interest accruing at the rate of 10% per annum from June 3, 1991. The District Court, pursuant to a clause in the subcontract agreement, also awarded American attorney's fees and costs incurred in the defense of Slater's claim against Edsall and in the prosecution of the cross-claim against Central. Central appeals from this determination.

4

1. Did the District Court err in granting summary judgment to Edsall concluding that Central breached the subcontract agreement?

Our standard in reviewing a district court's grant of a motion for summary judgment is the same as that used by the district court; we are guided by Rule 56(c), M.R.Civ.P. Chilberg v. Rose (Mont. 1995), 903 P.2d 1377, 1378-79, 52 St.Rep. 1038, 1039 (citing Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214). Thus, we determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Chilberg, 903 P.2d at 1378-79. In this case, the underlying facts are not in dispute, therefore, we consider whether the District Court was correct in concluding that American was entitled to damages for breach of the subcontract agreement as a matter of law.

A violation of the duties imposed by the Montana Scaffolding Act imposes absolute liability. Mydlarz v. Palmer/Duncan Constr. Co. (1984), 209 Mont. 325, 336, 682 P.2d 695, 701. Once the District Court determined that Edsall was liable for Slater's injuries because of its violations of the Act, American should not have the opportunity to pin that liability on the subcontractor. Edsall did not appeal from the judgment finding that it was liable for violations of the Act. It is, therefore, inconsistent for American to claim that Central breached the subcontract and assert that the damages it paid on behalf of Edsall, the party found to be responsible, were due to Central's violation of OSHA rather than Edsall's violations of the Act. The District Court's instructions

5

to the jury, as well as its original order, were premised on Edsall's violations of the Act. Although American argues that health and safety requirements were incorporated by reference into Edsall's subcontract with Central, the Act was not one of the safety requirements referenced in the prime contract. Thus, when the prime contract did not even mention the Act, Central could not have assumed duties under the Act by reference to the prime contract. In addition, Central did not expressly assume duties under the Act in its subcontract with Edsall.

The District Court determined that Edsall violated the Act in its own right by failing to properly secure or protect the floor openings. The District Court instructed the jury that:

> I have also ruled that Edsall Construction Company violated another section of the Scaffolding Act. Specifically, they violated a section of the Act which required all floor openings, be covered or otherwise properly protected to prevent persons or equipment from falling into the openings of the floor.

Thus, the District Court determined that Edsall itself had violated § 50-77-104, MCA.

The Montana Scaffolding Act subjected Edsall to absolute liability. Section 50-77-101, MCA. To allow American to recover for breach of the subcontract is, in effect, to grant indemnity to American for its insured's violations of the Act. This Court has held that a party cannot be indemnified against its own negligence unless the contract provisions are clear and unequivocal. Sweet v. Colborn Sch. Supply (1982), 196 Mont. 367, 369-70, 639 P.2d 521, 523. We note that American relies on our opinion in Howard S. Wright Constr. v. DeBeer Mechanical (1980), 185 Mont. 47, 49, 604

6

P.2d 323, 325, which expresses a contrary holding on facts similar to the instant case. However, since Howard S. Wright was decided, this Court has adopted a standard under which contractual provisions that indemnify a party for its own negligence must be "clear and unequivocal" to be enforceable. Sweet, 639 P.2d at 523.

In light of Sweet, the indemnity clause in Howard S. Wrisht and the clause at issue in the instant case are not sufficiently "clear and unequivocal" to indemnify a general contractor for its own negligence. Although the contract requires Central to indemnify Edsall for damages arising out of Central's negligence, it does not require Central to indemnify Edsall for Edsall's own negligence. In addition, Edsall's cross-claim alleges that it is entitled to *indemnification* due to Central's breach of the subcontract. In seeking indemnification, American is attempting to hold Central responsible for Edsall's own violation of the Act; a finding that Edsall did not appeal.

As the District Court noted, "the contract does not clearly and unequivocally indemnify Contractor/Edsall for its negligent acts. Since this Court has found that Edsall was negligent per se, Edsall may not use the indemnification clauses of the contract in order to recover against Central." However, that is precisely the effect of the District Court's determination that Central was liable for breach of the subcontract. The underlying "breach of contract" arguably resulted in Slater's injury, an injury that the District Court already determined was completely attributable to Edsall based on Edsall's nondelegable duty of safety and Edsall's

7

violations of the Act.

American asserts that Camp, Dresser & McKee v. Technical Design Assoc. (2d Cir. 1991), 937 F.2d 840, is relevant to our inquiry. In Camp, the Second Circuit Court of Appeals stated that the case was:

> [a]n indemnification case only in the sense that the amount of damages, which the trial court awarded to [plaintiff] is the amount of money which [plaintiff] paid the City as a result of the consent judgment. The cause of action on which [plaintiff] recovered below, however, is not an indemnification theory, but a breach of contract theory.

Camp, 937 F.2d at 843. In Camp, the underlying suit involved a defective heating and cooling system which had been installed by a subcontractor. The prime contractor settled with the owner of the project and then sued the subcontractor for breach of contract. In Camp, no underlying nondelegable duty was imposed on the prime contractor. Further, there is no indication that the prime contractor had breached any of its duties.

In the instant case, however, the District Court found Edsall to be the responsible party pursuant to Edsall's own violations of the Act. Recently, we determined that where the duties imposed on the general contractor by virtue of the prime contract are nondelegable, the general contractor cannot avoid liability by attempting to shift responsibility for those duties to someone else. Steiner v. Department of Highways (1994), 269 Mont. 270, 276, 887 P.2d 1228, 1232 (citing Nave v. Harlan Jones Drilling (1992), 252 Mont. 199, 202-03, 827 P.2d 1239, 1241). Here, the District Court determined that Edsall had a nondelegable duty of

safety, and that Edsall's violation of that duty and Edsall's own violations of the Act were the proximate cause of Slater's injuries. Once these determinations had been made, and absent a clear and unequivocal indemnity clause in the contract, the District Court erred when it, in effect, granted Edsall indemnity for its own negligence.

We determine that American was not entitled to indemnification based upon breach of contract. Accordingly, as the underlying claim is reversed, we need not consider the amount of the damage award, the award of attorney's fees and costs, or the award of prejudgment interest raised in issue two.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices