No. 97-625

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 257

297 Mont. 7

993 P.2d 654

BILLY A. SLATER,

Plaintiff and Respondent,

v.

CENTRAL PLUMBING & HEATING COMPANY

and EDSALL CONSTRUCTION COMPANY, INC.,

(AMERICAN STATES INSURANCE COMPANY,

SUBROGEE),

Defendants and Appellant.

_____

EDSALL CONSTRUCTION COMPANY, INC.,

(AMERICAN STATES INSURANCE COMPANY,

SUBROGEE),

Cross-Plaintiff and Appellant,

v.

CENTRAL PLUMBING & HEATING COMPANY,

Cross-Defendant and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

**For Appellants:**

James R. Walsh, Smith, Walsh, Clark & Gregoire; Great Falls, Montana

**For Respondents:**

George D. Goodrich, Garlington, Lohn & Robinson, P.L.L.P.;

Missoula, Montana

Submitted on Briefs: January 7, 1999

Decided: October 21, 1999

Filed:

_____

Clerk

2

Justice Jim Regnier delivered the opinion of the Court.

**¶1. Cross-Plaintiff and Appellant, Edsall Construction Company, Inc. (American States Insurance Company, Subrogee) [hereinafter Edsall] appeals from the August 30, 1996 Order Granting Request for Entry of Judgment and for Attorney Fees Costs entered by the District Court for the Eighth Judicial District, Cascade County. In its order, the District Court denied Edsall's request for a scheduling conference and**

dismissed Edsall's pending cross-claims with prejudice; and at the same time, granted Cross-Defendant and Respondent, Central Plumbing & Heating Company's, request for entry of judgment against Edsall and request for an award of attorney fees and costs. The rationale behind the District Court's order was its belief that our decision in *Slater v. Central Plumbing & Heating Co.* (1996), 275 Mont. 266, 912 P.2d 780 [hereinafter *Slater I*], closed all Edsall's doors of recovery from Central under any theory.

¶2.Edsall asks us to consider whether there are remaining cross-claims to be litigated which were not disposed of in this Court's earlier reversal of summary judgment in *Slater I*. We reverse the District Court's dismissal of Edsall's pending cross-claims.

## FACTUAL BACKGROUND

¶3.We previously considered the merits of the District Court's May 3, 1993, ruling on summary judgment in *Slater I*. In that opinion, we provided a statement of the relevant facts. In summary, we note that Edsall was the general contractor on a project to construct a commissary building on Malmstrom Air Force Base. Edsall subcontracted with Central to perform the plumbing work, which included the installation of floor drains. Central then subcontracted with Building Sprinkler Company to perform the sprinkler installation. Billy Slater, an employee of Building Sprinkler Company, was injured in a fall from motorized scaffolding that tipped over when its wheel broke through a drain cover and lodged in the floor drain. Slater sued both Edsall and Central.

¶4.This case involves a unique situation in that both the general contractor and the subcontractor were sued by an injured employee and, in turn, the general contractor has cross-claimed against the subcontractor for indemnity. The injured employee's employer, a sub-subcontractor, is not involved in this action because recovery against the injured worker's employer for damages, indemnification, or contribution is not permitted under Montana law. *See* § 39-71-411, MCA; *Howard S. Wright Constr. Co. v. F. E. DeBeer Mechanical Constr. Co.*, (1979) 185 Mont. 47, 50, 604 P.2d 323, 325. Section 39-71-411, MCA, states:

[A]n employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on

account of such injuries or death.

¶5.The record establishes that Slater filed a motion for partial summary judgment against Edsall in the Eighth Judicial District Court, Cascade County, on February 16, 1990. In his motion, he asked the District Court to declare that Edsall was strictly liable for his injuries pursuant to §§ 50-77-101 and -104, MCA, of the Montana Scaffolding Act and to declare that Edsall had violated its own safety standards. On January 11, 1991, the District Court entered an order and opinion granting Slater partial summary judgment against Edsall, leaving the issues of causation and damages for the jury.

¶6.On March 28, 1991, Slater filed a similar motion for partial summary judgment against Central, alleging that Central also was liable under the Scaffolding Act because of its contractual obligations with Edsall. On this motion, Slater made reference to the contract between Edsall and Central, which made Central responsible for meeting all O.S.H.A. requirements and required Central to furnish all necessary scaffolding. However, Slater noted that whether the contract required Central to indemnify Edsall would have to be deliberated between the separate parties and was of no relevance to his case. On April 26, 1991, the District Court rejected Slater's attempt to make Central liable for his injuries, stating that Edsall had a nondelegable duty to provide for the safety of workers and to comply with the Scaffolding Act. Slater later settled with Central.

¶7.In the events that followed, Slater obtained a judgment on a jury verdict against Edsall in the amount of $675,000, plus costs. Slater's judgment eventually was offset in the amount of $49,182 as the result of a pretrial settlement between Slater and Central. Upon Slater's motion, the District Court certified the judgment as final pursuant to Rule 54(b), M.R.Civ.P., and Edsall filed a cross-claim against Central alleging that Central breached its contract in regard to its own safety obligations.

¶8.Edsall then was granted leave to file an amended cross-claim against Central on September 19, 1991, which delineated four separate claims. In its First Claim, Edsall alleges Central breached the first paragraph of their contract. In the Second Claim, Edsall makes a claim against Central for indemnity for Central's negligence based on the ninth paragraph of their contract. In the Third Claim, Edsall asserts that based on the District Court's grant of summary judgment against Edsall and in favor of Slater, Central is liable to Edsall for the relief requested in its cross-claim as a matter

of law. In its Fourth Claim, Edsall makes a claim for reasonable attorney fees and litigation expenses in the event of breach based on the third paragraph of the contract.

¶9.Central moved the District Court for summary judgment on Edsall's Amended Cross-Claim. Edsall filed a motion for partial summary judgment under the First Claim of its amended cross-claim involving breach of contract, recognizing that the claim based on Central's negligence would require a finding of fact that was inappropriate for summary judgment. In its brief in opposition to Central's motion for summary judgment, Edsall distinguished the duties Central owed Slater pursuant to the Scaffolding Act from the duties Central owed Slater based on other theories of liability and the duties Central owed Edsall under the contract. In response, Central simply argued that since the District Court had already decided the issue of Edsall's negligence in the proceeding involving Slater, negligence was no longer an issue.

¶10.On April 18, 1992, the District Court granted partial summary judgment in Edsall's favor on the basis that Central had breached its contract with Edsall. The District Court rejected Edsall's argument based on the indemnity clause of the parties' contract, concluding that it did not cover Edsall's negligent acts. Central's motion for summary judgment was denied.

¶11.Upon Edsall's subsequent motion for summary judgment as to damages, the District Court awarded Edsall $630,044.31 in damages, as well as attorney fees and costs for Central's breach of contract. Final judgment as to damages was entered on June 13, 1995, from which Central appealed. During these proceedings, American States Insurance Company, Edsall's insurer, was included as a Defendant along with Edsall, as its subrogee. Therefore, reference to either Edsall or American States necessarily includes the other.

¶12.We reversed the District Court's May 3, 1993, summary judgment on the issue of breach of contract in *Slater I*. After our reversal, Central filed a motion for judgment to be entered against Edsall as to attorney fees and costs and filed a memorandum of costs on appeal. Edsall opposed Central's motion, contending that other issues raised in its cross-claim were still pending, and filed a motion for a scheduling conference. In its September 12, 1996 order, the District Court entered judgment in favor of Central, awarded Central its fees and costs, and dismissed any of Edsall's additional cross-claims. The District Court later denied Edsall's motion to reconsider its

**decision. Now, Edsall appeals the District Court's September 12, 1996 order.**

## STANDARD OF REVIEW

**¶13.The standard of review for a district court's conclusions of law is whether the court's interpretation of the law was correct.** *Carbon County v. Union Reserve Coal Co.* **(1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citations omitted). We have previously stated the reasoning behind this standard of review to be as follows:**

The reasoning for simply determining if the court's conclusions are correct is that no discretion is involved when a tribunal arrives at a conclusion of law– the tribunal either correctly or incorrectly applies the law. For that reason, this Court concludes that our standard of review relating to conclusions of law, whether the conclusions are made by an agency, workers' compensation court, or trial court, is whether the tribunal's interpretation of the law is correct.

*Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

## DISCUSSION

**¶14.Edsall included four claims in its amended cross-claim. In the first of these claims, it asserted that Central should fully indemnify Edsall for its loss because Central breached the first paragraph of their contract. This paragraph states that "[a]ll labor employed and equipment used must meet O.S.H.A. requirements and will be the Subcontractor's responsibility to see that these requirements are met."**

**¶15.In its second claim, Edsall argued that Central should protect and indemnify it for the negligence of Central, or those employed by Central or its agents or servants, pursuant to the ninth paragraph of the contract, which states:**

> The Subcontractor shall protect and indemnify said Contractor against any loss or damage suffered by any one (sic) *arising through the negligence of the Subcontractor, or those employed by him or his agent or servants*; he shall bear any expense which the Contractor may have by reason thereof, or on account of being charged therewith; and if there are any such injuries to persons or property unsettled for, when the work herein provided for is finished, final settlement between the Contractor and Subcontractor shall be deferred until such claims are adjusted or

suitable special indemnity acceptable to the Contractor is provided by the Subcontractor.

(Emphasis added.) In its May 3, 1993 Memorandum and Order, the District Court concluded that this claim should fail because Edsall was found to be negligent per se under the Scaffolding Act, and the indemnity provision above does not clearly and unequivocally indemnify Edsall for its own negligent acts.

**¶16.In the third claim, Edsall asserted that Central was liable to Edsall as a matter of law pursuant to the final certification of the District Court's January 14, 1991 order and opinion granting Slater partial summary judgment against Edsall on the issue of liability. In the fourth claim, Edsall requested reasonable attorney fees and litigation expenses in the event a breach was found. The third and fourth claims are not significant to this appeal.**

**¶17.In *Slater I*, we reversed the District Court's summary judgment in favor of Edsall with regard to its breach of contract claim against Central. *Slater I*, 275 Mont. at 272, 912 P.2d at 783. We concluded that "[a] violation of the duties imposed by the Montana Scaffolding Act imposes absolute liability." Based on this conclusion, we went on to state that "[o]nce the District Court determined that Edsall was liable for Slater's injuries because of its violations of the Act, American [Edsall] should not have the opportunity to pin that liability on the subcontractor." *Slater I*, 275 Mont. at 269-70, 912 P.2d at 782. We also recognized that since Edsall did not appeal from the judgment finding it was liable for violations of the Act, it was inconsistent for Edsall to claim that Central breached the subcontract and to assert that the damages it paid Slater were due to Central's violation of O.S.H.A. rather than Edsall's own violations of the Act. *Slater I*, 275 Mont. at 270, 912 P.2d at 782. We stated that to allow Edsall to recover for breach of contract was, in effect, to grant indemnity to Edsall for its own violations of the Act. Furthermore, we concluded that since the Act, itself, was not incorporated by reference into the contract between Edsall and Central, Central could not have assumed duties under the Act. We also concluded that Edsall could not be indemnified for its own negligence absent clear and unequivocal language in the contract. *Slater I*, 275 Mont. at 270, 912 P.2d at 782. Thus, Edsall was not entitled to indemnification based upon a breach of contract action. *Slater I*, 275 Mont. at 272, 912 P.2d at 783.**

**¶18.In *Slater I*, our opinion was limited to the following two issues:**

1. Did the District Court err in granting summary judgment to Edsall concluding that Central breached the subcontract agreement?

2. Did the District Court err in awarding prejudgment interest and attorney fees to Edsall?

*Slater I*, 275 Mont. at 267, 912 P.2d at 780. Edsall argues on this appeal, that under its second claim relating to paragraph "Ninth" of the contract, that Central should indemnify Edsall against any loss arising out of Central's negligence, remains unresolved. Edsall contends that the issue of Central's negligence must be determined by a trier of fact.

## ¶19. In its brief in support of its motion for partial summary judgment on its amended cross-claim, Edsall stated that the ninth paragraph of the contract:

[W]ould require Central to indemnify Edsall against the consequences of Central's negligence. Although we believe that Edsall ultimately is entitled to recover under this theory, it may be necessary to determine certain facts before that can occur. Such a determination is inappropriate during these summary judgment proceedings. For that reason, Edsall is relying at this time principally on its claim for pure breach of contract. Under this claim, no negligence need be determined . . . .

In response, Central acknowledged that Edsall declined to seek indemnity under the ninth paragraph of the Edsall-Central contract in its summary judgment motion, but asserted that the issues of negligence had already been decided. Central's contention was that since Edsall's negligence was established as the law of the case there was no longer an issue of negligence to be tried. Specifically, Central stated that since the indemnity clause, by its own terms, was not invoked when Edsall's negligence was a factor in the loss, Central was entitled to summary judgment on the question of indemnity.

## ¶20. Contrary to this, Edsall noted in its response to Central's motion for summary judgment that:

The [District] Court's order of April 24, 1991, did not conclude that Central could not have been negligent toward Slater; only that Central was not directly liable to Slater under the absolute liability imposed by the Scaffold Act. Plaintiff [Slater] could have

proceeded against Central upon negligence theories outside the Scaffold Act had he so chosen, but decided not to assert claims against Central which would allow discussion of comparative negligence . . . . Similarly the court did not hold Slater was not negligent; only that no affirmative defenses were available in Slater's Scaffold Act claim against Edsall.

Edsall argued that there were more than adequate grounds to raise a question of fact and for a jury to conclude that Central was negligent and that that negligence could have been a proximate cause of Slater's injuries.

**¶21.In its reply brief supporting its motion for partial summary judgment, Edsall reiterated that its motion did not concern Central's liability for Edsall's own negligence. We also find similar language in Edsall's brief in support of its motion for summary judgment as to damages. Finally, in Edsall's brief opposing Central's motion for entry of judgment on attorney fees and costs, Edsall maintained that it moved for summary judgment as to the First Claim only. Furthermore, it stated:**

> **On appeal, the Supreme Court treated the issue in terms of whether Edsall was entitled to be indemnified for *Edsall's own negligence* . . . . The issues remaining in the case will . . . be resolved under the Second Claim of the cross-claims. This claim is grounded primarily on paragraph Ninth of the subcontract . . . . Rather than claiming indemnity for its own negligence, as the Supreme Court viewed the matter, Edsall is now claiming indemnity on a clear provision providing therefor based on Central's negligence. The case also rests upon the negligence of people working for Central's subcontractors . . . . None of these negligence issues have ever been presented to, or resolved by, a trier of fact in this case.**

> **(Emphasis added.)**

**¶22.In essence, Edsall has now posed the question whether a party who has been found negligent per se can compare its negligence to that of another party. More specifically, we must ask whether a party who has been found absolutely liable under the Montana Scaffolding Act can share the liability with another negligent party.**

**¶23.In its argument, Central first contends that Edsall's cross-claim was made final by our decision in *Slater I*. After the District Court's notice of entry of judgment was given in Edsall's favor against Central, the Montana Supreme Court reversed the District Court's summary judgment and did not remand for further consideration.**

**¶24.In *Carey v. Wallner* (1987), 229 Mont. 57, 60, 774 P.2d 881, 883, we stated that "[o]nce we order a particular judgment, the lower court has no discretion to alter it." Also, Central cites an Eighth Circuit Court of Appeals opinion, *Walsch Constr. Co. v. United States Guar. Co.* (8th Cir. 1935), 76 F.2d 240, 242, in which the court stated that "when an appellate court, finding under the law that no recovery can be had, uses the word "reversed" without more, this means that the case**

is at an end." However, as Edsall aptly points out, neither of these cases presents a situation similar to the one before us, where allegedly a separate issue than the one decided was pled but not litigated and has not already been considered on appeal. In fact, Edsall cites a Montana case in which this Court stated that "a reversal extends only to those issues which the appellate court decided in actuality or by necessary implication; it does not affect collateral matters not before the court." *Aye v. Fix* (1981), 192 Mont. 141, 146, 626 P.2d 1259, 1262.

¶25. Central next contends that the principals of res judicata should prevent Edsall from relitigating an issue that has been raised previously. As we well know, the basic proposition embraced by the doctrine of res judicata is that a party should not be able to relitigate a matter he or she has already had an opportunity to litigate. *See Butler v. Colwell*, 1998 MT 241, ¶ 17, 291 Mont. 134, ¶ 17, 967 P.2d 779, ¶ 17; *Mills v. Lincoln County* (1993), 262 Mont. 283, 286, 864 P.2d 1265, 1267. Once there has been full opportunity to present an issue for judicial decision in a given proceeding, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end. *See Mills*, 262 Mont. at 286, 864 P.2d at 1267 (citations omitted).

¶26. In addition to asserting res judicata, Central asserts that Edsall would be violating a prohibition against splitting a cause of action. We have prohibited parties from splitting causes of action in order to prevent more than one action arising out of one controversy. *See McGinley v. Maryland Cas. Co. of Baltimore* (1929), 85 Mont. 1, 9, 277 P. 414, 417. In *Baertsch v. County of Lewis and Clark* (1986), 223 Mont. 206, 209, 727 P.2d 504, 506, we explained that splitting a cause of action is inextricably related to the principles of res judicata and the application of either depends upon the existence of a valid and final prior judgment. Thus, we apply the test for res judicata.

¶27. This test requires us to consider the following four criteria: (1) the parties or their privies are the same; (2) the subject matter of the claim is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and the issues. *See Butler*, ¶ 17. The most important of these criteria is the identity of issues. *See Hollister v. Forsythe* (1996), 277 Mont. 23, 27, 918 P.2d 665, 667. "Unless it clearly appears that the precise question involved in the second case was raised and determined in the former, the judgment is no bar to the record action." *Baertsch*, 223 Mont. at 210, 727 P.2d at 506 (citation omitted). Under this criterion, we conclude that the doctrine of res judicata and the prohibition against splitting a cause of action do not prohibit Edsall from going forward on its indemnity claim. We also conclude that the issue of indemnity based on Central's negligence is not the same as the issue we previously decided, whether there was an indemnity claim based on Edsall's negligence or a breach of contract in relation to the safety provisions. Edsall has yet to have a full opportunity to present the issue of indemnity based on Central's negligence for a judicial determination.

¶28. This brings us back to the question Edsall poses, whether a party who has been found absolutely liable under the Scaffolding Act can share the liability with another negligent party.

First, we do not agree with Central that the law of this case is that Edsall is not entitled to indemnification from Central for Central's negligence. To the contrary, the District Court's conclusion that Edsall was liable to Slater gives rise to its indemnity claim. Second, we believe that a party who has been found absolutely liable under the Scaffolding Act can nonetheless share the liability with another negligent party.

¶29. To support its position, Edsall relies on the case, *Reed v. Little* (1984), 209 Mont. 199, 206, 680 P.2d 937, 940, in which we allowed a party who was negligent per se of violating a traffic statute to use the defense of contributory negligence against the other party. This Court has adopted *Reed* only in cases involving traffic-related accidents, however. Today, we have no need to extend *Reed*. For purposes of the case sub judice, we need only rely on the indemnity clause found in paragraph "Ninth" of the contract between the parties.

¶30. We have "long recognized the legality of indemnity clauses and that they should be liberally construed in favor of the party intended to be indemnified." *Lesofski v. Ravalli County Elec. Coop.* (1968), 151 Mont. 104, 107, 439 P.2d 370, 371-72 (citations omitted). In the contract between Edsall and Central, Central agreed to indemnify Edsall for the negligence of Central, those employed by Central, or those employed by Central's agent.

¶31. As such, Edsall's claims have been only partially adjudicated. Although the claim Edsall wishes to pursue arises out of the same transaction or occurrence as the one presented in *Slater I*, courts can consider alternative theories of recovery based on the same factual situation. *See Weinstein v. University of Montana at Missoula* (1995), 271 Mont. 435, 440, 898 P.2d 101, 104. Under the general rules of pleading in the Montana Rules of Civil Procedure, parties may demand relief in the alternative or of several different types in a cross-claim. *See* Rule 8(a), M.R.Civ.P. Rule 8(e)(2), M.R.Civ.P., provides that a party may state as many separate claims as the party has. This is a situation where Edsall pleaded all of its claims to a single court in its cross-claim; it is not pleading new claims. *Cf. Hollister v. Forsythe* (1996), 277 Mont. 23, 28, 918 P.2d 665, 668; *State ex rel. Harlem Irrigation Dist. v. Montana Seventeenth Judicial Dist. Court* (1995), 271 Mont. 129, 134, 894 P.2d 943, 946.

¶32. Edsall is not seeking indemnity for liability arising from its own negligence. Rather, indemnity is being sought only for that portion of the liability attributable to Central, its employees or its agent's employees. There is a difference between indemnification and contribution.

> There is an important distinction between contribution, which distributes the loss among the tortfeasors by requiring each to pay his proportionate share, and indemnity, which shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead.
>
> *Herington v. J.S. Alberici Constr. Co.* (Ill. App. Ct. 1994), 639 N.E.2d 907, 910-11 (citing Prosser, Law of Torts, § 51, at 310 (4th ed. 1971)). Therefore, to the extent that Edsall seeks

reimbursement from Central for Central's negligence under paragraph "Ninth" of the contract, we conclude that what really is requested is contribution.

¶33.The District Court's final judgment does not preclude Edsall from pursuing a separate claim for contribution based on Central's negligence under the Second Claim of its amended cross-claim. Edsall's motion for partial summary judgment that gave rise to *Slater I* was based on the First Claim of its amended cross-claim for breach of the first paragraph of the contract. As such, our opinion in *Slater I* only precluded indemnification for Edsall's own negligence under a breach of contract claim. Thus, we conclude that Edsall is free to pursue its remaining cross-claims against Central.

¶34.Therefore, we reverse the District Court's order dismissing Edsall's pending cross-claims with prejudice and granting Central attorney fees and costs, and remand this case for further proceedings on the remaining claims that were not disposed of in *Slater I*.

¶35.Reversed and remanded.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

Justice W. William Leaphart, dissenting.

¶36.I dissent. The Court concludes that Edsall does not seek indemnity for liability arising from its own negligence.

> Rather, indemnity is being sought only for that portion of the liability attributable to Central, its employees or its agent's employees. There is a difference between indemnification and contribution. . . . Therefore, to the extent that Edsall seeks reimbursement from Central for Central's negligence under paragraph "Ninth" of the contract, we conclude that what really is requested is contribution. [Citations omitted.]

¶37.After this Court's decision in Slater v. Central Plumbing & Heating Co. (1996), 275 Mont. 266, 912 P.2d 780 (Slater I), the question of whether any portion of the liability imposed upon Edsall was attributable to Central was rendered res judicata. In Slater I we stated: "The underlying 'breach of contract' arguably resulted in Slater's injury, an injury that the District Court already determined was *completely attributable* to Edsall based on Edsall's nondelegable duty of safety and *Edsall's* violations of the Act." Slater I, 275 Mont. at 271, 912 P.2d at 783 (emphasis added). Having determined that the liability was "completely attributable to Edsall" and was based upon Edsall's violations of its nondelegable duties under the Scaffolding Act, there is no longer any room for Edsall to argue that some or all of that liability was attributable to Central's negligence.

¶38.Edsall did not appeal Slater's $675,000 verdict against Edsall nor did it object to Central's appeal in Slater I on Rule 54, Montana Rules of Civil Procedure grounds that there remained unresolved issues as to allocating negligence to others, in particular, Central. Instead, Edsall allowed the Slater I appeal to proceed without disputing the District Court's determination that Slater's injury was completely attributable to Edsall. The Slater I appeal was resolved on that basis and Edsall's 100% fault for violating the act "in its own right" is now res judicata. Edsall cannot now, through indemnity or contribution, seek to delegate to Central some or all of the nondelegable duty it owed to Slater.

**/S/ W. WILLIAM LEAPHART**

Chief Justice J. A. Turnage and Justice James C. Nelson join in Justice Leaphart's foregoing dissent.

**/S/ J. A. TURNAGE**

**/S/ JAMES C. NELSON**
