JUSTICE LEAPHART,
dissenting.
¶36 I dissent. The Court concludes that Edsall does not seek indemnity for liability arising from its own negligence.
*19 Rather, indemnity is being sought only for that portion of the liability attributable to Central, its employees or its agent’s employees. There is a difference between indemnification and contribution.... Therefore, to the extent that Edsall seeks reimbursement from Central for Central’s negligence under paragraph “Ninth” of the contract, we conclude that what really is requested is contribution. [Citations omitted.]
¶37 After this Court’s decision in Slater v. Central Plumbing & Heating Co. (1996), 275 Mont. 266, 912 P.2d 780 (Slater I), the question of whether any portion of the liability imposed upon Edsall was attributable to Central was rendered res judicata. In Slater I we stated: “The underlying ‘breach of contract’ arguably resulted in Slater’s injury, an injury that the District Court already determined was completely attributable to Edsall based on Edsall’s nondelegable duty of safety and Edsall’s violations of the Act.” Slater 7, 275 Mont. at 271, 912 P.2d at 783 (emphasis added). Having determined that the liability was “completely attributable to Edsall” and was based upon Edsall’s violations of its nondelegable duties under the Scaffolding Act, there is no longer any room for Edsall to argue that some or all of that liability was attributable to Central’s negligence.
¶38 Edsall did not appeal Slater’s $675,000 verdict against Edsall nor did it object to Central’s appeal in Slater I on Rule 54, Montana Rules of Civil Procedure grounds that there remained unresolved issues as to allocating negligence to others, in particular, Central. Instead, Edsall allowed the Slater I appeal to proceed without disputing the District Court’s determination that Slater’s injury was completely attributable to Edsall. The Slater I appeal was resolved on that basis and Edsall’s 100% fault for violating the act “in its own right” is now res judicata. Edsall cannot now, through indemnity or contribution, seek to delegate to Central some or all of the nondelegable duty it owed to Slater.
CHIEF JUSTICE TURNAGE and JUSTICE NELSON join in Justice Leaphart’s foregoing dissent.