JUSTICE NELSON
concurs and dissents.
¶41 I concur in the analysis of Issue 2, but otherwise dissent from the Court’s decision.
¶42 As to Issue 1,1 agree that under our well-established precedent cited by the Court, Swank had a nondelegable duty under the Scaffolding Act to ensure the safety of the scissor lift. Opinion, ¶ 20.1 disagree with the Court’s conclusion, however, that liability for the breach of a nondelegable duty can be so conveniently shifted to a third party, or its insurer, by way of (1) an indemnity/hold-harmless clause running from the party which does not bear the nondelegable duty for workplace safety to the party who has contractually assumed that duty, Opinion, ¶ 7, coupled with (2) an insurance policy purchased by the former party naming the latter as an additional insured, Opinion, ¶ 22.
¶43 This approach is flawed for two reasons. First, the Court’s holding completely circumvents what we decreed in Nave v. Harlan Jones Drilling ī.e., “[bjecause the duty imposed on [the general contractor] by its contract was nondelegable, [the general contractor] cannot avoid liability by attempting to shift the responsibility to someone else.” Nave v. Harlan Jones Drilling, 252 Mont. 199, 203, 827 P.2d 1239, 1241 (1992) (emphasis added). Here, the Court authorizes precisely whatNaue prohibits. Advanced Fireproofing now bears the liability for Swank’s breach of its nondelegable duty to provide workplace safety. Advanced Fireproofing must either provide workplace safety or, alternatively, incur the financial burden (through its insurer) of Swank’s breach of its duty to provide a safe place to work. See Opinion, ¶ 21 (Swank remains liable for excess damages).
¶44 Through smoke and mirrors Swank has clearly accomplished what we held in Nave it could not. The Court’s pronouncement to the contrary, notwithstanding, Opinion, ¶ 25, Swank has not fulfilled its duty under the Scaffolding Act by shifting the liability for noncompliance with the Act to Advanced Fireproofing. It was Swank’s *120 nondelegable duty to insure that the scissor lift was safe; there was an accident because the scissor lift was not safe; Swank, thus, breached its duty to provide a safe place to work; and Swank was absolutely liable for this breach. Opinion, ¶ 18. Yet, Advanced Fireproofing (and, ultimately, its insurer) is held liable and financially responsible for Swank’s breach. Swank is not absolutely liable at all; Advanced Fireproofing is. We have effectively overruled the underpinnings for our seminal nondelegable duty decision in Ulmen v. Schwieger, 92 Mont. 331, 12 P.2d 856 (1932) (general contractor, which has assumed a nondelegable duty of workplace safety, remained in direct control and the provisions of the Scaffolding Act apply).
¶45 Second, the Court’s approach totally abrogates the important public policy reasons underlying the nondelegable duty doctrine. In Nave, we reaffirmed these important public policy concerns as ‘including preventing accidents in the workplace and protecting against the economic costs of injuries.” Nave, 252 Mont. at 202, 827 P.2d at 1240. As a result of the Court’s decision here, the general contractor has no incentive whatsoever to discharge its nondelegable duty to provide workplace safety. If an employee of a subcontractor is injured, so what? The subcontractor is contractually obligated to ‘indemnify and hold-harmless” the general contractor from its breach of duty; the subcontractor’s insurer is obligated to pay the injured subcontractor’s employee’s damages; and the subcontractor is obligated to bear the liability and financial responsibility for any excess damages. See Opinion, ¶ 21. What could be more convenient and financially foolproof for the general contractor? The general contractor can breach its nondelegable duty with impunity, and require a third party to pick up the tab for the economic costs. As a result of our decision here, there is no reason for the general contractor with a nondelegable duty of workplace safety to actually perform its duty. As long as the general contractor can require a subcontractor to indemnify and hold the general contractor harmless and insure the general contractor against the general contractor’s own negligence, the general contractor is home free. The Court’s decision effectively overrules the underpinnings oí Nave; Beckman v. Butte-Silver Bow County, 2000 MT 112, 299 Mont. 389, 1 P.3d 348; Slater v. Central Plumbing and Heating Co., 275 Mont. 266, 912 P.2d 780 (1996); Gibby v. Noranda Minerals Corp., 273 Mont. 420, 905 P.2d 126 (1995); Stepanek v. Kober Const., 191 Mont. 430, 625 P.2d 51 (1981), and Shannon v. Howard S. Wright Const. Co., 181 Mont. 269, 593 P.2d 438 (1979).
¶46 Sadly, this is the second decision in as many years in which this *121 Court has made a sea-change in the law of nondelegable duty. The Court has ignored our settled nondelegable dutyjurisprudence andhas permitted a general contractor which has blatantly breached its nondelegable duty for workplace safety to effectively delegate that duty to a third party. In Olson v. Shumaker Truck. and Excav. Contr., 2008 MT 378, 347 Mont. 1, 196 P.3d 1265, this Court held that the nondelegable duty of workplace safety can, in fact, be delegated through comparative negligence to the injured subcontractor’s employee-i.e., the very individual whom the nondelegable duty of job-site safety was adopted to protect. In Olson, this Court made the injured subcontractor’s employee responsible and financially liable for providing his own safe place to work. For the first time, this Court made the nondelegable duty of workplace safety delegable by providing the negligent general contractor with a convenient scapegoat on which to foist its own misconduct and neglect. Olson, ¶¶ 73-87 (Nelson, J., concurring and dissenting).
¶47 In the case sub judice, the Court weakens the nondelegable duty doctrine even further. Now, a general contractor which has breached its nondelegable duty of workplace safety has two scapegoats on which to foist its own negligence and misconduct-(l) on the injured subcontractor’s employee by way of comparative negligence, OZsora, and (2) on the subcontractor itself by way of an indemnity/hold-harmless agreement coupled with a required insurance clause. It is difficult to discern what is left of the nondelegable duty doctrine. Indeed, between Olson and our decision today, we have effectively drained our well-established nondelegable duty doctrine jurisprudence of any vitality. I cannot agree.
¶48 I would reverse. I dissent from our failure to do so.
JUSTICE COTTER joins in. the Concurrence and Dissent of JUSTICE NELSON.