**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIBERTY MUTUAL INSURANCE CO.,

Plaintiff - Appellant,

v.

CONTINENTAL RESOURCES, INC.,

Defendant - Appellee.

No. 11-35687

D.C. No. 1:10-cv-00035-RFC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted November 8, 2012
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and TUCKER, District
Judge.[**]

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The Honorable Josephine Staton Tucker, United States District Judge
for the Central District of California, sitting by designation.

Liberty Mutual Insurance Company ("Liberty Mutual") appeals the district court's decision granting summary judgment in favor of Continental Resources, Inc. ("Continental") and declaring that Liberty Mutual has a duty to protect, defend, and indemnify Continental as an additional insured against a wrongful death claim brought in Montana state court by an employee of Liberty Mutual's insured, Pioneer Drilling Services ("Pioneer"). Liberty Mutual also appeals the denial of its cross-motion for summary judgment. We affirm.

We review *de novo* the grant or denial of summary judgment. *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002). We also review *de novo* the insurance policy and the underlying contract between Pioneer and Continental, and we apply Montana law to the substantive issues of the case. *See Fed. Ins. Co. v. Scarsella Bros.*, 931 F.2d 599, 602 (9th Cir. 1991); *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995).

Although Montana's Workers' Compensation Act (the "Act") prohibits indemnity agreements by employers, we conclude that it does not prohibit an employer's agreement to provide liability insurance that will protect, defend, and indemnify a third party. *Compare Raisler v. Burlington N. R.R. Co.*, 717 P.2d 535, 544 (Mont. 1985) (holding that the Act bars enforcement of express contractual indemnity by a third party against an employer), *with United Nat'l Ins. Co. v. St.*

*Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1266-67, 1269 (Mont. 2009) (enforcing an insurance policy incorporating a contractual indemnity obligation between a subcontractor and a contractor that would be unenforceable as a direct indemnity obligation under the Montana Scaffolding Act). Accordingly, the district court correctly concluded that Pioneer's agreement to insure Continental is not invalidated by the Act, and the wrongful death claim is covered by the policy.

Liberty Mutual further contends that Pioneer did not clearly agree to indemnify Continental for Continental's negligence under the terms of the contract. The contract requires Pioneer to provide liability insurance for Continental "without limit and without regard to . . . the negligence of any party or parties." Clear and unequivocal contract language that indemnifies a party for its negligence is enforceable under Montana law. *See Slater v. Cent. Plumbing & Heating Co.*, 912 P.2d 780, 782 (Mont. 1996). The district court correctly concluded that the agreement was clear. *See Ryan Mercantile Co. v. Great N. Ry. Co.*, 294 F.2d 629, 633 (9th Cir. 1961) (holding that, under Montana law, a contract indemnifying a third party for "any and all personal injuries . . . of every name and nature which may in any manner arise . . . whether due or not due to the negligence of [the third party]" unambiguously indemnified the third party for the third party's negligence (internal quotation marks omitted)); *Sweet v. Colborn Sch. Supply*, 639 P.2d 521,

523 (Mont. 1982) (distinguishing an ambiguous contract from the clear and unequivocal language in *Ryan Mercantile Co.*). Accordingly, the district court properly granted Continental's motion for summary judgment and denied Liberty Mutual's motion for summary judgment.

**AFFIRMED.**