No. 98-169

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 241

DALE EUGENE BUTLER,

Petitioner and Respondent,

v.

GINA KAY COLWELL and CYNTHIA RAE BUCK,

Respondents and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Donald E. "Gene" Hedman; Hedman, Hileman & Lacosta;

Whitefish, Montana

For Respondent:

Marshall Murray, Attorney at Law, Kalispell, Montana;

Lewis K. Smith, III, Attorney at Law, Helena, Montana

Scott Wurster, Attorney at Law, Kalispell, Montana

(for Respondent Butler)

Vivian Hammill, Attorney at Law, Department of Administration,

Helena, Montana (for Teachers' Retirement System)

Submitted on Briefs: July 29, 1998

Decided: October 15, 1998

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶ Dale Eugene Butler brought this action before Judge Ted O. Lympus in the District Court for the Eleventh Judicial District in Flathead County to set aside the default judgment entered by Judge Katherine R. Curtis, also of the District Court for the Eleventh Judicial District, in an action brought against him by Gina Kay Colwell and Cynthia Rae Buck for conversion of trust funds. Although Judge Curtis denied Butler's motion to set aside the default judgment, Butler did not appeal. Instead, Butler instituted this independent action before Judge Lympus pursuant to Rule 60 (b)(4) and (6), M.R.Civ.P., to vacate the default judgment and to allow the intervention of the Montana Teachers' Retirement System. Judge Lympus granted Butler's petition to vacate the default judgment and his motion to allow the Montana Teachers' Retirement System to intervene. Colwell and Buck appeal from Judge Lympus's decision. We reverse the order and judgment of the District Court and reinstate the default judgment.**

¶ We determine the following issues to be dispositive on appeal:

¶ 1. Did the District Court abuse its discretion when it set aside the default judgment in the underlying action when no appeal was taken from the default judgment?

¶ 2. Did the District Court abuse its discretion when it allowed the Montana Teachers' Retirement System to intervene in the independent Rule 60(b)(4) and (6), M.R.Civ.P., action?

¶ Because of the manner in which we resolve Issue 1, there is no need to address the following additional issues raised by appellant on appeal.

¶ Did the District Court abuse its discretion when it found that Colwell and Buck had a duty to give a three-day notice of intent to enter default judgment in the underlying action pursuant to Rule 55(b)(2), M.R.Civ.P.?

¶ Did the District Court abuse its discretion when it considered the merits of the underlying cause in its independent Rule 60(b)(4) and (6), M.R.Civ.P., action when no appeal was taken from the dismissal of the underlying action?

## FACTUAL BACKGROUND

¶ In September 1986, Rod Butler was diagnosed with terminal cancer. By the end of that year he and his wife had divorced. In February 1987, their marital property was divided, and on June 17, 1987, prior to the final property disposition, Rod died. *See In re Marriage of Butler* (1988), 232 Mont. 418, 420, 756 P.2d 1159, 1160.

¶ Rod had been a member of the Montana Teachers' Retirement System and had applied for retirement benefits to be paid to his estate shortly after his death. Rod's wife received one-half of the retirement benefits which she has received to this date. The other half, approximately $524 per month, was distributed to Dale Butler, Rod's brother, in accordance with the beneficiary designation on file with the Montana Teachers' Retirement System. *See In re Marriage of Butler* (1990), 243 Mont. 521, 795 P.2d 467. Rod's daughters, appellants Gina Colwell and Cynthia Buck, maintain that Dale Buck was to hold these benefits in trust for them according to the wishes of their father. Colwell and Buck maintain that the trust provisions created by their father in his will required that when they reached the age of thirty the trust was to terminate

and the accumulated bi-monthly payments would be paid directly to them.

¶ When Colwell and Buck reached their thirtieth birthdays, Dale Butler refused to pay them the accumulated retirement benefits. Thereafter, Colwell and Buck filed an action against Butler to recover the trust funds and had him personally served in California on August 24, 1995. Butler did not answer, appear, or make any motions with regard to the complaint. On March 22, 1996, seven months later, Butler's default was entered and, two months later, on May 15, 1996, Judge Curtis of the Eleventh Judicial District Court in Flathead County entered the default judgment.

¶ Butler filed a motion to set aside the default judgment which Colwell and Buck opposed. Judge Curtis failed to rule on Butler's motion within sixty days and the motion was, therefore, deemed denied. Butler did not appeal that ruling. Instead, after the time for appeal had expired, Butler brought an independent action, pursuant to Rule 60(b)(4) and (6), M.R.Civ.P., in front of Judge Lympus of the Eleventh Judicial District Court in Flathead County to set aside Judge Curtis's default judgment on the basis that no notice of intent to take default or default judgment had been given to Butler prior to its entry. Judge Lympus found that Colwell and Buck had a duty, pursuant to Rule 55(b)(2), M.R.Civ.P., to provide a three-day notice to Butler of their intent to take a default judgment against him and, therefore, set aside Judge Curtis's default judgment. Judge Lympus further allowed, in accordance with Butler's request, the intervention of the Montana Teachers' Retirement System.

¶ Colwell and Buck appeal the District Court's decision to set aside Judge Curtis's default judgment, and its decision to allow the Montana Teachers' Retirement System to intervene.

## STANDARD OF REVIEW

¶ The standard of review of discretionary trial court rulings is abuse of discretion. *See May v. First Nat'l Pawn Brokers, Ltd.* (1995), 270 Mont. 132, 134, 890 P.2d 386, 388. In *Montana Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125, we held that "[t]he standard of abuse of discretion is applied to discretionary rulings, such as trial administration issues, post-trial motions and similar rulings." (Citing *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474, 803 P.2d 601, 603).

ISSUE 1

¶ **Did the District Court abuse its discretion when it set aside the default judgment in the underlying action when no appeal was taken from the default judgment?**

¶ **Butler filed his motion to set aside Judge Curtis's default judgment on May 23, 1996. Judge Curtis failed to rule on his motion and, by operation of Rule 60(c), M.R. Civ.P., the motion was denied sixty days later on July 23, 1996. Rule 60(c), M.R.Civ. P., provides:**

Motions provided by subdivision (b) of this rule shall be determined within the times provided by Rule 59 in the case of motions for new trials and amendment of judgment and if the court shall fail to rule on the motion within the 60 day period, the motion shall be deemed denied.

Likewise, Rule 59(d), M.R.Civ.P., provides:

If the court shall fail to rule on a motion for new trial within 60 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied.

¶ **Once the sixty-day time for determination of the motion had expired, Butler had thirty days to file his notice of appeal, pursuant to Rule 5(a)(1), M.R.App.P. The time limits provided for in these rules are mandatory and are strictly enforced.** *See Johnson v. Eagles Lodge Aerie 3913* **(1997), 284 Mont. 474, 478, 945 P.2d 62, 64. Butler did not appeal Judge Curtis's refusal to set aside the default judgment. Instead, Butler waited for the appeal time to expire then collaterally attacked the**

default judgment, and Judge Curtis's failure to set it aside, by instituting an independent action pursuant to Rule 60(b)(4), M.R.Civ.P., and its residual clause, subsection (6). In his independent action, Butler maintained that Judge Curtis improperly entered the default judgment against him because he had agreed to an informal extension of time with Colwell and Buck. Butler further alleged that the default judgment was improper because Colwell and Buck failed to give him three-days' notice prior to its entry pursuant to Rule 55(b)(2), M.R.Civ.P.

¶ In our decision in *Glickman v. Whitefish Credit Union Association*, 1998 MT 8, ¶ 20, 951 P.2d 1388, ¶ 20, 55 St. Rep. 27, ¶ 20, we held that in cases in which a party has had the opportunity to litigate the action previously, the doctrine of *res judicata* prevents the party from re-litigating the matter. *See also Loney v. Milodragovich, Dale & Dye, P.C.* (1995), 273 Mont. 506, 510, 905 P.2d 158, 161. *Res judicata* is based on the policy that there must be some end to litigation. *See Loney*, 273 Mont. at 510, 905 P.2d at 161. As we explained in *Loney*, there are four criteria that must be met in order to satisfy a claim of *res judicata*:

[T]he parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues.

*Loney,* 273 Mont. at 510, 905 P.2d at 161. With regard to the allegations Buck raises in his independent action, and those he could have raised in an appeal from the underlying action, all four of the *res judicata* criteria are satisfied. The parties are the same in both actions; the subject matter is the same in both the underlying action and this independent action; and the capacity of the parties involved has not changed in relation to the subject matter and the issues in the litigation. Finally, as we stated in *Loney*, the issues raised in the independent action are issues that could have been litigated in the prior proceeding. Had he given timely notice of appeal from Judge Curtis's failure to set aside the default judgment, Buck could have raised his contention of the alleged existence of an informal extension agreement, as well as the notice requirement prior to entry of the default judgment. The fact that Butler did not answer Colwell and Buck's complaint and, as a result, that a default judgment was entered against him, does not negate the fact that he

had an opportunity to litigate the issue. *See Loney*, 273 Mont. at 510-11, 905 P.2d at 161.

¶ **Accordingly, we conclude that the doctrine of *res judicata* bars Butler from relitigating this action by means of an independent Rule 60(b)(4) and (6), M.R.Civ.P., action. Butler was free to appeal from the deemed denial of his motion to set aside the judgment and raise the arguments he has raised in this independent action, but failed to do so. Because Butler failed to exhaust the judicial remedies available to him in the underlying action, the Rule 60(b)(4) and (6), M.R.Civ.P., independent equitable action must fail. Butler should have appealed Judge Curtis's default judgment if he wanted to preserve the merits of his case.**

## ISSUE 2

¶ **Did the District Court abuse its discretion when it allowed the Montana Teachers' Retirement System to intervene in the independent Rule 60(b)(4) and (6), M.R.Civ.P., action?**

¶ **The only aspect of the District Court's May 15, 1996, default judgment which deals directly with the Montana Teachers' Retirement System is the following order: "The Teachers' Retirement System is to be provided a certified copy of this Order for their future action in remitting said payments directly to Plaintiffs." Colwell and Buck contend, and we agree, that as a result of this statement in the default judgment the Montana Teachers' Retirement System is not being asked or specifically ordered to do anything different than what they have been doing in the past. Section 19-20-706 (2), MCA, exempts the Montana Teachers' Retirement System from service of legal process so this judgment, in any event, is void as it relates to the Montana Teachers' Retirement System.**

¶ **Because the Montana Teachers' Retirement System is not affected by the judgment against Dale Butler, we agree with the argument of Colwell and Buck that the judgment against Butler should not be complicated in any respect by the contentions of the Montana Teachers' Retirement System. In the event that Colwell and Buck seek to enforce the judgment by execution on the Montana Teachers' Retirement System, they must do so only with an appropriate court order and notice to all necessary parties. Colwell and Buck admit that they are aware of § 19-20-706(2), MCA, and agree that any satisfaction of the judgment out of the Montana Teachers' Retirement System must be done in a totally separate proceeding.**

¶ **We therefore conclude that the District Court erred when it allowed the Montana Teachers' Retirement System to intervene in this action. The default judgment and the subsequent setting aside of the default judgment have no direct effect on the Montana Teachers' Retirement System. The Montana Teachers' Retirement System will only be involved in this dispute if an action is brought which clearly names it as a party.**

¶ **The District Court erred when it reversed Judge Curtis's refusal to set aside the default judgment and erred when it allowed the Montana Teachers' Retirement System to intervene in this case. Accordingly, the judgment of the District Court is reversed and the default judgment is reinstated.**

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER