No. 98-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 308

291 Mont. 201

991 P.2d 452

FRED FISHER,

Plaintiff and Appellant,

v.

STATE FARM GENERAL INSURANCE COMPANY,

Defendant and Respondent.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Rex Palmer, Attorneys, Inc., P.C., Missoula, Montana

For Respondent:

Bradley J. Luck, Robert C. Lukes; Garlington, Lohn & Robinson,

Missoula, Montana

---

Submitted on Briefs: November 23, 1999

Decided: December 9, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶

   Fred Fisher (Fisher) appeals from the order of the Twentieth Judicial District Court, Sanders County, granting State Farm General Insurance Company (State Farm) summary judgment. We affirm.

2. ¶ The sole issue on appeal is whether the District Court erred in granting summary judgment to State Farm on the basis that Fisher's Unfair Claims Practices Act (UCPA) claim is barred by the doctrine of *res judicata*.

## BACKGROUND

3. ¶ *In February of 1986, Fisher purchased a homeowner's insurance policy from State Farm insuring his home, workshop and contents. The policy was in effect in March of 1994, when a fire destroyed Fisher's workshop and its contents. Fisher submitted a claim to State Farm, claiming*

*over $50,000 in lost personal property. State Farm investigated the claim and paid for a portion of the destroyed property and the building. It denied coverage for the majority of the building's contents on the basis they were business property exempt from coverage under the policy.*

4. *¶ In March of 1995, Fisher sued State Farm and one if its agents, alleging that State Farm wrongfully denied coverage and requesting damages. Of particular note was Paragraph 13 of the complaint, which alleged that the defendants were "liable . . . for damages incurred as a result of the subject fire and the denial of coverage on theories of breach of contract, negligence, negligent misrepresentation, fraud, and any other applicable legal theories." In other words, the complaint expressly alleged both contract and tort claims and also sought to hold State Farm liable for denial of coverage under "any other applicable legal theories." The complaint sought relief for, inter alia, money due under the insurance policy and "other further relief as the court may deem just and proper." In the parties' subsequent pretrial order, one of Fisher's contentions was set forth in language identical to that quoted above from Paragraph 13 of the complaint.*

5. *¶ In March of 1996, Fisher filed a second action based on State Farm's denial of coverage for the fire, alleging State Farm knew liability for the claim under the insurance policy was reasonably clear and failed to conduct a reasonable investigation of his claim and to attempt in good faith to effectuate a prompt, fair and equitable settlement. While State Farm apparently knew of the second action, Fisher did not serve the complaint on State Farm.*

6. *¶ In July of 1996, State Farm presented Fisher with a written Rule 68, M.R.Civ.P., offer of judgment on all claims in the original action. Fisher accepted the offer and judgment was entered accordingly.*

7. *¶ Thereafter, Fisher amended his complaint in the second action twice, adding mentions of the original action and judgment thereon, more specifically alleging that State Farm's actions in failing to investigate and settle his claim violated the UCPA, and requesting punitive--in addition to special and general--damages. Fisher served State Farm with the second amended UCPA complaint on October 16, 1996, and State Farm subsequently filed its answer. As part of its answer, State Farm asserted numerous affirmative defenses, one of which was that the claims made in Fisher's second amended UCPA complaint were barred by the principles of res judicata as a result of the judgment in the earlier action. Five days later, State Farm moved for summary judgment on res judicata grounds. After briefing and oral argument on the motion, the District Court granted summary judgment to State Farm on the basis that res judicata barred Fisher's second action. Fisher appeals.*

## STANDARD OF REVIEW

8. *¶ This Court reviews a district court's summary judgment ruling de novo using the same criteria applied by that court. Schmasow v. Native American Center, 1999 MT 49, ¶ 12, 978 P.2d 304, ¶ 12, 56 St.Rep. 198, ¶ 12 (citation omitted).*

*"The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to*

*judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred."*

*Balyeat Law, P.C. v. Hatch (1997), 284 Mont. 1, 3, 942 P.2d 716, 717 (quoting Bruner v. Yellowstone County (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903). In this case, the parties do not dispute any issues of material fact. Fisher disputes only the District Court's legal determination that the final judgment in his first action is res judicata as to the subsequent UCPA claim.*

## DISCUSSION

9. *¶ Did the District Court err in granting summary judgment to State Farm on the basis that Fisher's UCPA claim is barred by the doctrine of res judicata?*

10. *¶ The doctrine of res judicata operates to preclude a party from relitigating claims which have been litigated in a former action. Balyeat, 284 Mont. at 3, 942 P.2d at 717. It is well-established that a resolved claim is res judicata as to subsequent claims if the following four criteria are met: (1) the parties are the same; (2) the subject matter is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the parties are the same in reference to the subject matter and issues. Balyeat, 284 Mont. at 4, 942 P.2d at 717; Butler v. Colwell, 1998 MT 241, ¶ 17, 291 Mont. 134, ¶ 17, 967 P.2d 779, ¶ 17; Hollister v. Forsythe (1996), 277 Mont. 23, 27, 918 P.2d 665, 667. Moreover, res judicata will also bar an action for a claim which a party had an opportunity to litigate in a prior action. Balyeat, 284 Mont. at 3, 942 P.2d at 717. The "opportunity to litigate" factor does not change the res judicata criteria, but merely makes the res judicata doctrine applicable--if the criteria have been satisfied--to claims which could have been litigated but were not. See, e.g., Butler, ¶ 17.*

11. *¶ The District Court concluded that Fisher had the opportunity to litigate his UCPA claim in his first action and, as a result, his second action was barred by res judicata. Fisher asserts that the court erred in so concluding because the res judicata criteria are not met in this case.*

12. *¶ Fisher concedes that the first res judicata criterion--that the parties be the same--is met here. With regard to the remaining three criteria, however, he contends that his first action against State Farm was a "coverage" action in which the subject matter was the property destroyed in the fire, the issue was whether the property was covered under the terms of the insurance policy, resolution of the issue depended only on actions and commitments by State Farm and its agent occurring before the fire, and the relationship of the parties was that of buyer and seller of insurance. In contrast, according to Fisher, the subject matter of his second action is insurance claim handling, the issue is whether State Farm violated its statutory duties under the UCPA, resolution of the issue depends only on actions taken after the fire occurred and the parties' relationship is the fiduciary relationship of insurer and insured. He argues, therefore, that there is no identity of subject matter, issues and relationship of the parties.*

13. *¶ With regard to the second criterion, that the subject matter of the action be the same, it is clear that both of Fisher's complaints arose as the result of the fire which destroyed Fisher's property, Fisher's insurance policy with State Farm and State Farm's actions in denying coverage. Fisher's complaint--as well as the subsequent pretrial order--in the first action alleged, inter*

*alia, that State Farm wrongfully refused to pay for the property destroyed in the fire and was liable to Fisher for damages resulting from "the subject fire and the denial of coverage . . . ." (Emphasis added.) Clearly, and contrary to Fisher's assertions, his complaint included allegations that he was injured by actions of State Farm occurring subsequent to the fire.*

14. *¶ Similarly, at least some of the issues were the same and related to the same subject matter in both actions, thus meeting the third criterion: Fisher's original complaint sought to hold State Farm liable for damages resulting from the fire and for wrongful denial of coverage under his policy thereafter under "any applicable legal theories." This language in Fisher's original complaint clearly was broad enough to encompass any theory of liability relating to State Farm's post-fire actions in denying coverage, including the statutory UCPA claim. Finally, the capacities of Fisher and State Farm were the same in reference to the subject matter and the issues in both actions, in that Fisher was the insured under a State Farm policy and sought to hold State Farm liable in the broadest sense for wrongful denial of coverage. We conclude that the identity of subject matter, issues and relationship of the parties criteria have been met here and that Fisher had the opportunity to litigate his UCPA claim in his first action against State Farm.*

15. *¶ Fisher also contends that his UCPA claim was an independent action which, pursuant to the permissive joinder provisions found in § 33-18-242, MCA, and Rule 18(a), M.R.Civ.P., he was not required to join with his coverage action. On this basis, he argues the District Court's conclusion that res judicata barred his UCPA claim essentially negates these permissive joinder provisions and compels mandatory joinder of otherwise independent causes of action. We disagree.*

16. *¶ We do not suggest that differences did not exist between Fisher's two actions, that Fisher expressly alleged a UCPA cause of action in his original complaint or that Fisher was required to file his statutory UCPA claim in his original action rather than as an independent cause of action. Indeed, in the latter regard, § 33-18-242, MCA, expressly provides that an insured's claim against an insurer under the UCPA is an independent cause of action and authorizes--but does not require--an insured to join a UCPA claim with other claims against the insurer. See §§ 33-18-242(1) and (6)(a), MCA. The pertinent facts in the present case, however, are that Fisher's original complaint included allegations encompassing both pre- and post-fire conduct by State Farm and sought to hold State Farm liable for damages resulting from the fire and for wrongful denial of coverage under a variety of stated contract and tort theories, as well as "any other applicable legal theories." Under the broad wording of his original complaint, he clearly had the opportunity to litigate the UCPA claim. Had Fisher's original complaint been more artfully--or less broadly--drafted, a judgment in that action would not--and could not--have barred the second action on res judicata grounds. As that complaint actually was drafted, however, the res judicata criteria are met.*

17. *¶ Finally, Fisher argues that State Farm should be estopped from asserting res judicata based on an exception to the application of the doctrine contained in the Restatement (Second) of Judgments § 26 (1982), which precludes assertion of the doctrine when parties "have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein [.]" He contends that, because State Farm had actual knowledge of--and did not object to--the*

*filing of the complaint in his second action prior to entry of judgment in the first action, it acquiesced in the splitting of his claims. He cites several cases from other jurisdictions which have applied this exception and urges us to follow their lead. We decline to do so.*

18. *¶ First, the exception does not appear to apply here since this case does not involve a dispute over whether Fisher could or could not "split" his claims. As mentioned above, Fisher could have pleaded and tried his UCPA claim separately. Thus, this is not a "claim splitting" case but, rather, one in which the original complaint was drafted so broadly that the judgment in that action precluded his second action.*

19. *¶ Moreover, the cases on which Fisher relies for applying the § 26 exception and estopping State Farm from asserting res judicata are readily distinguishable on their facts from the case before us here. In those cases, the party asserting res judicata in the second action had appeared and either filed an answer to the complaint or given formal notice of intent to defend the second action prior to entry of judgment in the first action; at the least, the complaint in the second action had been served on the defendant. See Pagel v. Notbohm (Iowa 1971), 186 N.W.2d 638, 639; Funkhouser v. Hurricane Fence Co. (Tex. App. 1975), 524 S.W.2d 780, 781; Lake v. Jones (Md. App. 1991), 598 A.2d 858, 863; Scott v. Rosenthal (Fla. App. 1960), 118 So.2d 555, 557. Here, on the other hand, State Farm made the offer of judgment in Fisher's original action prior to being served with the second action and, indeed, Fisher amended his second complaint twice after the entry of judgment in his first action before serving it on State Farm. State Farm included the affirmative defense of res judicata when it answered Fisher's second complaint and moved for summary judgment on res judicata grounds five days later. Thus, the cases on which Fisher relies in arguing that State Farm is estopped from asserting res judicata are not applicable here.*

20. *¶ Based on the breadth of the language used in Fisher's first complaint, we conclude that the res judicata criteria are met here and Fisher had the opportunity to litigate his UCPA claim in the first action. As a result, we hold that the District Court did not err in granting summary judgment to State Farm on the basis that Fisher's UCPA claim is barred by the doctrine of res judicata.*

21. *¶ Affirmed.*

*/S/ KARLA M. GRAY*

*We concur:*

*/S/ J. A. TURNAGE*

*/S/ W. WILLIAM LEAPHART*

*/S/ JAMES C. NELSON*

*Justice William E. Hunt, Sr., dissents.*

22. ¶ *I dissent from the majority opinion. I would hold that Fisher's claim was not barred because the necessary elements of res judicata were not present.*

23. ¶ *On March 8, 1995, Fisher filed a complaint against State Farm and its sales agent, Brian Taylor. Fisher requested contract damages for "the money owed under the insurance contract plus legal interest and costs".*

24. ¶ *On March 14, 1996, Fisher filed a second lawsuit against State Farm alleging the tort of wrongful claim handling; specifically that State Farm had violated the UCPA by failing to conduct a reasonable investigation before denying Fisher's claim, and by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of his fire loss. Fisher's complaint requested special and general damages, including emotional distress.*

25. ¶ *As the parties have addressed, there is some question as to the proper interpretation of the so called "opportunity to litigate" requirement in relation to the doctrine of res judicata. In addition to arguing that res judicata bars Fisher's UCPA claim because it arises from the same transaction as the previous action, State Farm argues that under the doctrine of res judicata, a party having the "opportunity to litigate" a claim who instead chooses to bring the claim in a subsequent action is barred from doing so.*

26. ¶ *We have previously discussed the "opportunity to litigate" concept as it relates to the doctrine of res judicata, noting "[i]t is true that res judicata precludes claims that could have been raised in the prior lawsuit as well as those actually adjudicated." Holtman v. 4_G's Plumbing & Heating, Inc. (1994), 264 Mont. 432, 438, 872 P.2d 318, 321 (quoting Beck v. Flathead County (1989), 240 Mont. 128, 133, 783 P.2d 383, 386). In Holtman, this Court found that the preclusive effect of res judicata applied only to claims raised in subsequent lawsuits between the parties in the original action or their privies, reflecting "the parties or their privies" element, of the res judicata doctrine. Holtman, 264 Mont. at 438, 783 P.2d at 321-322. Holtman, who owned a condominium in a townhouse complex in Missoula, counterclaimed when sued by the townhouse homeowner's association. After his counterclaim was dismissed, Holtman filed suit against the homeowner's association and 4-G's Plumbing jointly. Because we held that 4-G's and the Association were not parties sharing a legal interest which has been legally represented at trial and it was undisputed that 4-G's Plumbing was not a party to the prior litigation, we determined that a required element of res judicata was absent, and held that res judicata's preclusive effect as to claims not actually litigated did not apply to that case. Holtman, 264 Mont. at 438, 783 P.2d at 322.*

27. ¶ *In the present action, the District Court found as part of its findings of fact that the UCPA claim which forms the basis of Fisher's second lawsuit "could have been incorporated into the original lawsuit as a separate cause of action against State Farm," and "the facts which serve as a basis for the UCPA claim were known to Fisher prior to the filing of the original Complaint in the first case." The District Court determined in its conclusions of law that "it is an undeniable fact that there was every opportunity for Fisher to raise the UCPA issue in the first lawsuit."*

28. ¶ *Finding that a party is barred from bringing a claim simply because it "could have been incorporated" in an earlier action takes the "opportunity to litigate" notion to extremes which effectively make the facially permissive provisions of Rule 18 mandatory. Instead, I would*

*conclude that the "opportunity to litigate" concept does not become an issue unless the four requirements of the res judicata test are first present. The rubric "opportunity to litigate" should not be allowed to swallow the mandatory criteria required for application of the res judicata doctrine. If the issues and claims in the second case were not raised and determined in the first case, then the judgment of the first case on the merits does not bar the second action. Fisher could have brought his UCPA claim together with his insurance coverage action, but he is not barred by the doctrine of res judicata simply because he had the opportunity to litigate it, unless all four elements of res judicata are present in the second action.*

29. *¶ The majority holds that res judicata bars Fisher's UCPA claim because, both his first and second action arise from a single incident and relationship which involve the same issues.*

30. *¶ For res judicata to bar a subsequent action, there must be a precise identity of the issues. Berlin v. Boedecker (1994), 268 Mont. 444, 451-452, 887 P.2d 1180, 1185 (quoting In re Marriage of Stout (1985), 216 Mont. 342, 701 P.2d 729).*

    *The rule regarding the identity of the issues is simple. (cite omitted) If the issues in the second case were not raised and determined in the first case, then the judgment of the first case does not bar the second action. (cite omitted) Specifically this court has held: 'unless it clearly appears that the precise question involved in the second case was raised and determined in the former, the judgment is no bar to the second action.' (emphasis added)*

    *Phelan, 220 Mont. at 299, 716 P.2d at 603 (quoting Brannon v. Lewis and Clark County (1963), 143 Mont. 200, 207, 387 P.2d 706, 710-711).*

31. *¶ I conclude that Balyeat is distinguishable from the current case. In Balyeat, the two debt collection actions in question involved the same parties, the same issues and the same subject matter. In contrast, the subject matter of Fisher's first lawsuit was the property destroyed in the fire; the issue was whether Fisher was entitled to coverage. The conduct giving rise to the second lawsuit occurred after the fire. The subject matter of the second lawsuit is insurance claim handling; the issue is whether State Farm violated statutory duties under the UCPA. There is not a precise identity of the issues because the issues of the second claim were not raised and determined in the first case.*

32. *¶ While State Farm argues that Fisher's initial complaint made claims for "unspecified extra-contractual damages," when taken in the context of Fisher's prayer for relief which requests only money owed under the insurance contract plus interest and costs, it is obvious Fisher brought his initial complaint as a contract claim. Furthermore, although both Fisher's coverage and UCPA claims deal indirectly with the fire of March 18, 1994 and are relevant to one another, they do not concern the same issues.*

33. *¶ The intent of the doctrine of res judicata is to bar the relitigation of previously litigated claims. See Berlin, 268 Mont. at 451, 987 P.2d at 1184; Holtman, 264 Mont. at 436, 872 P.2d at 320. It is a final judgment which, when rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them, upon the same claim or demand. Scott v. Scott (1997), 283 Mont. 169, 175, 939 P.2d 998, 1001. Fisher did not previously litigate his UCPA claim with State Farm in the initial action and the UCPA claim is not the same claim or*

*demand as his previous claim for coverage of his fire loss.*

34. ¶ *This court has previously given a clear analysis of the question now before us:*

> *[A] judgment for either plaintiff A or defendant B on A's claim, rendered after trial on the merits of the claim, is a final judicial settlement thereof, regardless of whether A has put forward all the grounds of recovery available to him in connection with his claim and of whether B has interposed all defenses open to him and even though the parties may have lacked knowledge of their complete legal rights therein. \*\*\**

> *The judgment referred to above in the A-B litigation would not be res judicata if A were to sue B on a different claim, i.e., <u>a different cause of action</u>, although the prior adjudication will have an operative effect, as collateral estoppel, in the second action, provided it adjudged matters that were then relevant and material and these are now at issue in the second A-B action. (emphasis added)*

*Western Montana Pro. Cr. Ass'n v. Hydroponics, Inc. (1966), 147 Mont. 157, 161-162, 410 P.2d 937, 939 (quoting 1-B Moore F.P. 632-633, §0.405) (hereinafter Hydroponics). This Court has also held that when two actions were relevant to one another but the issues were not precisely the same, the doctrine of res judicata does not apply. Berlin, 268 Mont. at 452, 887 P.2d at 1185.*

*¶35 Following our analysis in Berlin and Hydroponics, because Fisher brings his second action on a different claim, i.e., a different cause of action, in which the issues are not precisely the same as the previous action, the judgment in the first action does not bar Fisher's UCPA claim in the second action under the doctrine of res judicata. State Farm has failed to demonstrate that all of the required elements of res judicata are present. In particular, they have not shown that the "issues must be the same and relate to the same subject matter" element is met. Fisher's initial coverage claim and the UCPA claim are not the same. I would hold that Fisher's UCPA claim is not barred by res judicata because all four elements required to find res judicata are not present.*

*/S/ WILLIAM E. HUNT, SR.*

*Justices Terry N. Trieweiler and Jim Regnier join in the foregoing dissent.*

*/S/ JIM REGNIER*

*/S/ TERRY N. TRIEWEILER*