No. 99-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 314

302 Mont. 473

14 P. 3d 1228

HARRY FISHER,

Plaintiff and Appellant,

v.

FIRST CITIZENS BANK; JACK W.SVENDSEN, individually and in his

official capacity; JAMES M. RAGAIN;

CRAIG D. MARTINSON; and JOHN

DOES 1 through 10,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

For Respondents:

Carey E. Matovich, Matovich & Keller, Billings, Montana (First Citizens Bank and Svendsen); Calvin J. Stacey, Stacey & Walen, Billings, Montana (Ragain and Martinson)

Submitted on Briefs: March 9, 2000
Decided: December 7, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Montana's Thirteenth Judicial District Court, Yellowstone County, dismissed this action, finding that First Citizens Bank (the Bank), Bank Vice-President Jack W. Svendsen, and Harry Fisher's prior counsel, James Ragain and Craig Martinson, were all entitled to summary judgment as a matter of law. The court held that the Bank was alternately entitled to summary judgment because Harry Fisher had signed an agreement that explicitly stated he was releasing the Bank and its employees and agents from all claims arising from the bank note at issue. Svendsen also successfully argued individually that summary judgment was proper as to him as Fisher failed to object to Svendsen's motion for summary judgment. The court awarded costs as well. Fisher appeals. We affirm the District Court's rulings.

¶2 We restate the issues on appeal as follows:

¶3 1. Whether the 1991 amendment to § 30-3-122, MCA, which reduced the statute of limitations on demand note actions from eight to six years, applied to First Citizens Bank's collection proceedings in 1997.

¶4 2. Whether Fisher's complaint failed to state a claim under any set of facts before the Court.

¶5 Harry Fisher originally borrowed $25,000 from First Citizens Bank in Billings in 1984 for commercial purposes. The loan was a demand note with a revolving line of credit. Seven extensions of the maturity date were granted by the Bank. While the extensions altered some terms of repayment, none of them altered the demand nature of the revolving

line of credit. The final maturity date was March 1, 1991. The note was in default on March 2, 1991, due to nonpayment. The Bank attempted to collect the delinquent note in August of 1997, when Bank Vice-President Jack Svendsen wrote Fisher a collection letter. Svendsen asserted the statute of limitations had not run and that Fisher was obligated to pay the delinquent obligation. The principal owing at that time had been paid down by Fisher to $16,006.77. With interest the total amount owed was $25,308.02. The note also set forth an obligation to pay costs incurred in collecting the debt. Fisher responded personally and through his attorney, James Ragain, in September, requesting copies of all documents, which were provided in October 1997.

¶6 Craig Martinson was then retained by Fisher as counsel. Neither Ragain nor Martinson suggested to Fisher that the statute of limitations may have run on the note, and that it may not therefore be collectible. Fisher executed a settlement agreement and mutual release in November 1997, wherein he agreed to pay the Bank $10,000 as settlement in full of the debt, and to further release the Bank, its employees and agents from any and all liability associated with the note.

¶7 Fisher filed a complaint against the Bank and his former attorneys in November of 1998, alleging fraud, negligent misrepresentation, breach of the covenant of good faith and fair dealing, mutual mistake and professional negligence. Fisher claimed that the shortened statute of limitations, passed by the legislature in 1991 along with other modifications to Montana's commercial codes, and which became effective over six months after he defaulted on his note, was applicable and that he should not be liable to pay the note. He claimed that his former attorneys were negligent in not raising this defense. The District Court did not concur, finding that the eight-year statute of limitations in effect at the time of default was the correct and applicable statute. The defendants moved to dismiss the complaint, averring that Fisher had failed to state a claim upon which relief could be granted. Furthermore, Fisher failed to respond to Svendsen's motion to dismiss filed as an individual. The District Court granted all the defendants' motions to dismiss for failure to state a claim, and allowed their costs. Fisher appeals.

Issue 1

¶8 **Whether the 1991 amendment to § 30-3-122, MCA, which reduced the statute of limitations on demand note actions from eight to six years, applied to First Citizens Bank's collection proceedings in 1997.**

¶9 Under Montana's current statutory scheme, which Fisher alleges is applicable, the

statute of limitations for actions on notes payable at a definite time is different from the statute of limitations for actions on demand notes. A note payable at a fixed time is governed by a six-year statute of limitations from the payment dates set forth on the note, or if the note is accelerated, six years from the date of acceleration. Section 30-3-122(1), MCA. Demand notes are simply payable upon a demand from the bank at which time the entire balance must be paid. In such instances the statute of limitations is six years after the demand is first made, but if no demand is made, an action to enforce the note is barred if neither principal nor interest has been paid for a continuous period of ten years. Section 30-3-122(2), MCA. As a result, it is conceivable that the holder of a demand note could not receive payment for up to ten years, then make demand for payment upon the maker and have six years more to enforce the note.[1]

¶10 Contrary to Fisher's characterization of his obligation as a demand note, under § 30-3-109(2), MCA (1999), the note at issue became a note payable at a definite time on March 1, 1991, the fixed payment date.

> (2) If an instrument, payable at a fixed date, is also payable upon demand made before the fixed date, the instrument is payable on demand until the fixed date and, if demand for payment is not made before that date, becomes payable at a definite time on the fixed date.

Section 30-3-109, MCA (1999).

¶11 Here, the note at issue was payable upon demand by the Bank up until March 1, 1991. As the Bank made no such demand, the note became payable in full on that date. As a result, the correct characterization of the note under the current statutory scheme would be as a note payable at a definite time, not a demand note, and a six-year statute of limitations would apply, as Fisher argues. If Fisher were correct in arguing that the 1991 amendments apply, he could prevail on that issue. However, we agree with the District Court that the savings clause in the amendments passed by the legislature in 1991 preserved the eight-year statute of limitations in effect as of the maturity date of the note at issue here.

¶12 This Court reviews a district court's summary judgment ruling *de novo* using the same criteria applied by the district court. In *Fisher v. State Farm General Ins. Co.*, 1999 MT 308 ¶ 8, 297 Mont. 201 ¶ 8, 991 P.2d 452 ¶ 8, we stated:

> The movant must demonstrate that no genuine issues of material fact exist. Once

this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court with regard to whether or not the court erred.

*Fisher, 297 Mont. at ¶ 8, 991 P.2d at ¶ 8.]*

¶13 Here, the parties do not dispute any issues of material fact. The dispute centers solely around which statute of limitations applies, which is a matter of law. The claims against Ragain and Martinson also center around our determination as to which statute of limitations applies.

¶14 Statutes of limitations are generally considered laws of procedure. If the legislature passes a new statute of limitations, all rights of action are to be enforced under the new procedure regardless of when the cause of action accrued unless there is an explicit savings clause set forth in the statute. *Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 9, 926 P.2d 1364, 1368. The 1991 amendments to § 30-3-122, MCA, provided:

Savings clause. [This act] does not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before [the effective date of this act].

1991 Mont. Laws 410, Section 232.

¶15 By phrasing the savings clause in the disjunctive, the legislature essentially set forth four circumstances that, if in existence at the time of the October 1, 1991 effective date of the amendments, would not be affected by passage of the amendments. These are: (1) rights that had matured; and (2) duties that had matured; or (3) penalties that were incurred; or (4) proceedings that had begun before the effective date. There is no ambiguity regarding the language of the amendments passed by the legislature. Fisher argues that "if the Legislature wished to say that the amended statute of limitations would not affect causes of action that accrued before the effective date of the act they certainly could have." That is precisely what the legislature accomplished with the savings clause included in the 1991 legislation. Because the legislature included an explicit savings clause in the amendments we agree with the District Court that the legislature clearly did not intend to foreclose the collection efforts exercised by the Bank in the instant case.

¶16 An amendment to the general definitions found in § 30-1-201, MCA, defines relevant terms as:

"Rights" includes remedies.

1991 Mont. Laws 410, Section 2(36).

"Remedy" means any remedial right to which an aggrieved party is entitled with or without resort to a tribunal.

1991 Mont. Laws 410, Section 2(34).

¶17 While the term "rights" encompasses many principles and actions far beyond the term "remedies," the Bank's remedies alone certainly include the customary collection efforts of writing to a debtor in default requesting payment. The Bank's attempt to collect the debt owed here is simply a form of remedy without resort to a tribunal, and is therefore protected by the savings clause passed by the legislature.

¶18 Furthermore, just as the Bank's "rights" to collect the funds from Fisher owed under the note and to contact Fisher regarding his delinquent obligation had matured prior to the effective date of the statutory amendment, Fisher's "duty" to pay had also matured prior to the effective date of the statute in question. Therefore two of four legal circumstances that are explicitly protected by the savings clause enacted by the legislature are present here. Only one is necessary to invoke the savings clause.

¶19 When the legislature provides a savings clause in new legislation, it excepts from the new legislation matters that would otherwise be governed by the new law and preserves the existing law for such excluded matters. *Haugen*, 279 Mont. at 9, 926 P.2d at 1368. The legislature preserved the existing law for precisely the statutorily-defined circumstances present here.

¶20 The nature of the rights, duties, penalties and actions that had matured as of the effective date, and the correct legal analysis, are therefore defined by the 1989 Montana Code Annotated, in which they are set forth in different fashion than the current code. The 1989 MCA refers to both notes payable on demand, § 30-3-108, MCA (1989), and notes payable at a definite time, § 30-3-109, MCA (1989). The note at issue here purports to be a note payable on demand, albeit with a fixed maturity date of one year. Such a note is

now clearly defined as a demand note until the fixed date of payment under § 30-3-109(2), MCA (1999), at which time its character changes to a note payable at a definite time, but is not so clearly defined under the 1989 Code. Regardless of the lack of clarity of definition, the effects of the applicable statute of limitations on demand notes versus notes payable at a definite time are not nearly as dramatic under the 1989 Code as the differences under the 1999 Code discussed previously. The applicable statute of limitations governing the note at issue here is the same, regardless of the note's characterization, as it is simply the eight-year statute of limitations governing actions based on contract. Section 27-2-202, MCA (1989); *Worden Trading Co. v. Trenka* (1979), 184 Mont. 256, 602 P.2d 601 (This statute governs notes payable). Here, the District Court was correct in its finding that the note at issue had matured March 1, 1991, and that the loan was in default due to nonpayment March 2, 1991. The effective date of the amendments to Montana's Uniform Commercial Code was October 1, 1991. Therefore, the Bank's right to payment, and Fisher's duty to pay, both matured prior to the effective date of the amendments. The District Court was also correct in its determination that the bank had eight years after the rights and duties had matured, or until March of 1999, to enforce the note. It is clear then that the Bank's collection efforts in 1997 were well within the statutory period for such actions. It is no less clear that Ragain and Martinson were not negligent when as Fisher's counsel they did not advise him to the contrary. The eight-year statute of limitations must apply. The District Court did not err in so determining and we affirm the District Court's ruling.

¶21 The court's ruling that the Release signed by Fisher is also sufficient grounds for dismissing this action is correct as well. The Release stated in pertinent part:

> Fisher, by his execution of the agreement, does hereby release, acquit and forever discharge Bank, its directors, officers, shareholders, employees and agents, including without limitation its attorneys, of and from any and all claims, suits, demands or causes of action arising from or in connection with the promissory note referenced above, the loan evidenced by such note, and/or Bank's claims or demands upon Fisher, his agents, or any other persons for payment or collection of the obligations evidenced by the note.

¶22 We have previously reviewed the effect of such releases from liability and future claims in *Somersille v. Columbia Falls Aluminum Co.* (1992), 255 Mont. 101, 841 P.2d 483. There, we stated that because Somersille had consulted an attorney and was not under duress from his former employer when he signed a release similar to that in the instant

case, the release would bind the parties. Here, Fisher had two separate attorneys advising him on this matter. The record shows the Bank's cover letter accompanying the release, addressed to one of Fisher's attorneys, stated, "Enclosed please find a proposed Settlement Agreement and Mutual Release for execution by Harry Fisher and First Citizens Bank. If the Agreement is satisfactory, please have Mr. Fisher sign the original and one copy of the Agreement and return it to me . . .." Such language is hardly coercive or threatening and appeared to invite Fisher to suggest any changes he thought necessary. It admonished Fisher to sign it only if it was satisfactory to him. Because he indeed signed it after consultation with counsel, without requesting any modifications, we can only conclude that in fact it was satisfactory to him as drafted, and that he agreed to abide by its terms. We agree with the District Court that Fisher is bound by the Settlement Agreement and Mutual Release, and that his action against the Bank and Svendsen must be dismissed for this reason as well.

¶23 Svendsen moved separately for summary judgment under Rule 56(b), M.R.Civ.P. Rule 56(e), M.R.Civ.P., states:

> Form of affidavits-further testimony-defense required. . . . If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Rule 56(e), M.R.Civ.P.

¶24 Here, Fisher did not respond to Svendsen's motion for summary judgment. The court found that summary judgment was appropriate, and dismissed the action against Svendsen on this basis also. The District Court did not err in finding that summary judgment was appropriate and we affirm its ruling for this reason as well.

Issue 2

¶25 **Whether Fisher's complaint failed to state a claim under any set of facts before the Court.**

¶26 The District Court found that,

> "Plaintiff did not come forward with material contested facts with regard to the application of the saving clause in the 1991 UCC amendments, the application of

the 8-year statute of limitations, or the parties' execution of the Release. The Defendants have met their burden to establish that an order granting their motions for summary judgment is appropriately entered as a matter of law."

¶27 There is nothing in the record to indicate the court erred in this finding. The eight-year statute of limitations applies as a matter of law, and the Bank and Svendsen, along with Fisher's counsel Ragain and Martinson, were correct in not advising Fisher differently. Fisher's claims of bad faith against the Bank and professional misconduct against Ragain and Martinson rest solely on his argument that they were all incorrect in concluding that the eight-year statute of limitations applied in the case sub judice. Because Ragain and Martinson did not improperly advise Fisher that a six-year statute of limitations applied, the claims of professional misconduct against them fail. With regard to the Bank's duty, the District Court concluded that it was incumbent upon Fisher to seek his own legal counsel, which he did, and not to rely upon assertions of law from lay persons. Because we have determined that the Release signed by the Bank and Fisher was valid, Fisher's claim of bad faith fails for this reason as well.

¶28 As we stated in *Fisher*, noted above, we review legal determinations made by a district court in terms of whether or not the court erred. We conclude that the District Court did not err by granting the several motions for summary judgment. There were no material issues of fact in dispute. The only issue in question was which statute of limitations applied, and the District Court correctly determined that the savings clause passed by the legislature maintained the eight-year statute of limitations in effect at the time the rights and duties of the parties matured.

¶29 In conclusion, Fisher's attempt to shoehorn this action into the six-year statute of limitations as amended by the legislature, effective months after this action matured, is misguided. The record indicates that Fisher consulted two separate attorneys to advise him as to how to proceed in this matter. They did not err by not advising him to pursue a non-meritorious and incorrect legal defense strategy. The Release, freely signed by Fisher without any form of coercion by the Bank or its agents, effectively bars this action as well. Fisher's failure to respond to Svendsen's motion to dismiss must result in dismissal of the action against Svendsen on this basis also. Finally, Martinson and Ragain were not negligent when they did not advise Fisher that the debt was not enforceable due to an expired statute of limitations. Such advice would have been incorrect under the law. We uphold the ruling of the District Court.

¶30 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

1. Section 27-2-202(1), MCA, which governs commencement of actions based on any contract, obligation, or liability founded upon an instrument in writing, still prescribes an eight-year statute of limitations for such written instruments. We do not address this apparent potential conflict here.