**SHAUN XIN XU, Doctor, Plaintiff–Appellant,**

v.

**McLAUGHLIN RESEARCH INSTITUTE FOR BIOMEDICAL SCIENCES, INC.; et al., Defendants–Appellees.**

**No. 06–35329.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Sept. 27, 2007.

Shaun Xin Xu, Missoula, MT, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. Therefore, appellant's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Jean E. Faure, Jason T. Holden, Esq., Church Harris Johnson & Williams, PC, Great Falls, MT, for Defendants–Appellees.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Shaun Xin Xu appeals pro se from the district court's summary judgment for defendants in his employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment on res judicata grounds de novo. *Akootchook v. United States,* 271 F.3d 1160, 1164 (9th Cir.2001). We affirm.

The district court properly determined that Xu's Title VII claims were barred by the doctrine of res judicata because Xu could have brought the claims in his prior Montana state court action. *See Troutt v. Colorado W. Ins. Co.,* 246 F.3d 1150, 1156 (9th Cir.2001) (applying Montana's res judicata doctrine to determine preclusive effect of Montana state court judgment on subsequent federal action); *Fisher v. State Farm Gen. Ins. Co.,* 297 Mont. 201, 991 P.2d 452, 456 (1999) (applying res judicata doctrine to claims that could have been brought, as well as claims actually brought); *see also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th

---

Cir.2001) (concluding that res judicata doctrine barred Title VII claims that could have been included in state court complaint).

The district court properly determined that the Montana state court provided Xu a full and fair opportunity to litigate his claims where the record shows the state court action was dismissed with prejudice because Xu repeatedly failed to comply with the discovery process. *See Marin v. HEW, Health Care Fin. Agency,* 769 F.2d 590, 593 (9th Cir.1985) (explaining that "some final judgments have preclusive effect even if there has been no litigation of the issues.").

Further, the district court did not abuse its discretion by denying Xu's Rule 60(b) motion because Xu did not demonstrate he was prejudiced by defendants' failure to raise the res judicata defense prior to summary judgment. *See Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1100 (9th Cir.2006) (reviewing denial of Rule 60(b) motion for an abuse of discretion); *Owens,* 244 F.3d at 713 (holding that defendant was not estopped from raising untimely res judicata defense).

Xu's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.