FILED

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0225

DA 22-0225

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 11N

PETER GRIGG,

      Petitioner and Appellant,

    v.

TIFFANEY GRIGG,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV-22-073(C)
                    Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Peter Grigg, Self-represented, Kalispell, Montana

      For Appellee:

      Peter F. Carroll, Attorney at Law, Kalispell, Montana

Submitted on Briefs:  December 7, 2022

Decided:  January 17, 2023

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1       Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2       This is another of several appeals brought by Peter Grigg (Peter).  Peter appeals from the April 25, 2022 Order to Dismiss of the Eleventh Judicial District Court, Flathead County, dismissing Peter's Petition for Restitution & Compensation – Stress & Mental Anguish.  We affirm.

¶3       After the district court issued a Decree of Dissolution in Lincoln County Cause No. DR-20-079, but before the cause was finalized (the issue of the award of attorney's fees and costs remained), Peter filed his Petition for Restitution & Compensation – Stress & Mental Anguish in this case.  In his Petition, Peter asserted a variety of slights and harms stemming from his marriage to Tiffaney Grigg (Tiffaney)—among them marriage by deception; presentation of fraudulent and false evidence by Tiffaney in the dissolution case; and the failure of Tiffaney to disclose marriages, aliases, and debts and income/assets. Tiffaney then sought dismissal of the petition asserting the claims were barred as a matter of law, that other claims were improperly pled, and that others were barred by the doctrine of res judicata.  Tiffaney attached exhibits from the Lincoln County case to her motion to dismiss.  The District Court properly converted Tiffaney's motion to a motion for summary

2

judgment and permitted Tiffaney opportunity to supplement her motion and Peter opportunity to respond. Tiffaney rested on her initial pleading. Peter failed to timely respond. On April 25, 2022, the District Court dismissed Peter's petition.

¶4 We review a district court's grant or denial of a motion to dismiss as a matter of law to determine if the court's interpretation of law is correct. *Associated Press v. Usher*, 2022 MT 24, ¶ 9, 407 Mont. 290, 503 P.3d 1086. "When a district court converts a motion to dismiss into a motion for summary judgment, we use the same [de novo] standard of review applied to an appeal from a grant or denial of summary judgment." *Day v. CTA, Inc.*, 2014 MT 119, ¶ 6, 375 Mont. 79, 324 P.3d 1205.

¶5 M. R. App. P. 12 requires the appellant set forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on[.]" M. R. App. P. 12(1)(g). Peter has utterly failed in this regard. Peter reasserts and rehashes his perceived grievances with Tiffaney and with the processes and determinations of the district court in the dissolution action. He fails to present argument or set forth facts or circumstances establishing error by the District Court in the underlying cause at issue here. Further, his Petition for Restitution & Compensation – Stress & Mental Anguish is likewise an insufficient pleading and fails to state a claim upon which relief may be granted. M. R. Civ. P. 12(b)(6). Peter had full opportunity to litigate his perceived grievances with Tiffaney—including the mental anguish, stress, and trauma he asserts Tiffaney caused him as a result of their marriage; her marriages, aliases, and debts and income/assets; and her evidentiary

3

presentation in the dissolution action—as well as the processes and determinations of the district court in the dissolution action. Thus, his claims are additionally barred by the doctrine of res judicata. *Fisher v. State Farm Gen. Ins. Co.*, 1999 MT 308, ¶ 10, 297 Mont. 201, 991 P.2d 452.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶7 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE