No. 00-182

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 352N

VERNA JOYCE HAUCK,

Plaintiff and Appellant,

v.

MERLE L. SERIGHT and PRISCILLA SERIGHT,

Defendants and Respondents.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert L. Johnson, Attorney at Law, Lewistown, Montana

For Respondents:

Jon A. Oldenburg, Attorney at Law, Lewistown, Montana

Submitted on Briefs: October 12, 2000
Decided: December 21, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant, Verna Hauck (Hauck) filed a motion for partial summary judgment seeking the imposition of a constructive trust on $105,000 transferred by Alice Sisson to the respondents, Merle L. Seright and Priscilla Seright (Serights). The Serights filed a motion for summary judgment on the basis of res judicata and/or collateral estoppel. Hauck appeals from the granting of summary judgment in favor of the Serights. We affirm the judgment.

¶3 This transfer of funds was the subject of a prior appeal in Hauck v. Seright, 1998 MT 198, 290 Mont. 309, 964 P.2d 749. The procedural and factual background is set forth in that published opinion. In the initial litigation, Hauck challenged the transfer of the $105,000 as being invalid due to undue influence by Merle Seright. The District Court judgment stated, "[t]he transfer of funds by Alice A. Sisson to Merle and Priscilla Seright, from her account at Edward D. Jones, on December 18, 1992 was a valid transfer and not as a result of undue influence." On appeal, we held, "[o]ur review of the court's order shows that its language follows that used in the special interrogatories agreed to by the parties and upon which the jury rendered its verdict. We hold that the court did not err in its judgment." *Hauck*, ¶ 28.

¶4 Subsequent to the above decision by this Court, Hauck filed the present litigation wherein she contends that the testimony of Merle Seright in the underlying suit (that he and his wife were merely holding the money for Alice's medical expenses) constituted a judicial admission that now binds the Serights to return the transfer of the $105,000 from Alice Sisson.

¶5 The question presented is whether the District Court erred in granting summary judgment to the Serights on the basis of res judicata.

¶6 We recently discussed the doctrine of res judicata in Balyeat Law, P.C. v. Hatch (1997), 284 Mont. 1, 942 P.2d 716:

> The doctrine of res judicata bars issues and claims litigated in a former action as well as issues and claims which might have been litigated in the former action. *Mills v. Lincoln County* (1993), 262 Mont. 283, 864 P.2d 1265. This Court has established that the doctrine of res judicata bars a party from relitigating a matter that the party has already had the opportunity to litigate. " 'Once there has been a full opportunity to present an issue for judicial decision in a given proceeding . . . the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised . . . .' " *Mills*, 864 P.2d at 1267 (citing *First Bank v. District Court* (1987), 226 Mont. 515, 519-20, 737 P.2d 1132, 1134-35).
>
> A resolved claim will be res judicata as to subsequent claims if: (1) the parties are the same; (2) the subject matter is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and issues. *Loney v. Milodragovich, Dale & Dye,* P. C. (1995), 273 Mont. 506, 510, 905 P.2d 158, 161.

*Balyeat Law, 284 Mont. at 3-4, 942 P.2d at 717.*

¶7 The testimony of Merle Seright upon which Hauck relies was presented during the initial trial of this matter where Hauck unsuccessfully challenged the validity of the transfer. Despite being aware of Seright's alleged judicial admission, Hauck did not raise that issue during trial, in her post-trial motions or in her first appeal to this Court. Furthermore, the jury heard testimony from the Edward D. Jones representative, Mr. Nelson, that Alice Sisson had discussed her accounts with him and that her expressed intent in December of 1992, as well as earlier, was that Hauck not receive any portion of those funds.

¶8 Applying the principles of res judicata to Hauck's second suit, we agree with the District Court that this suit and the prior suit involve the same parties (or their privies); the subject matter is the same; the issues are the same and the capacity of the persons is the same in reference to the $105,000 subject matter. As the District Court noted: "[t]here is no evidence that the transfer of $105,000.00 was anything but a gift to a nephew and his wife to remove the money from Alice Sisson's estate while hoping that the Serights would use it for Sisson's care if necessary, but with Nelson's admonition to Sisson that the

Serights had no obligation to do so."

¶9 The District Court in the first trial and then this Court on appeal, determined that the transfer of the $105,000 was a valid transfer. If Hauck felt that Merle's trial testimony amounted to a judicial admission which would bear upon the question of whether the Serights could retain the funds, she had the opportunity during the first trial and appeal to litigate that issue. As we stated in *Balyeat Law*, res judicata bars not only issues litigated but also issues which might have been litigated in the former action. Accordingly, since Hauck chose not to raise the issue of the alleged judicial admission when she had the opportunity, her present claim is res judicata.

¶10 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER