Douglas GIEBEL, Plaintiff—Appellant,

v.

Stephen SYLVESTER, in his capacity as Chairman, Department of Humanities and Social Sciences, Montana State University, Northern–Havre, MT, and in his individual capacity; Jane Kathleen Curry, Prof, Montana State University–Northern, in her official capacity and in her individual capacity; Randy Waln, Prof, Montana State University–Northern, in his official capacity and in her individual capacity; William Daehling, Prof, Montana State University–Northern, in his official capacity and in his individual capacity; Karen Larce, Dr., of Montana State University–Northern in her official capacity and in her individual capacity; The Board of Regents of the Montana University System, Defendants—Appellees.

No. 99–35261.

D.C. No. CV–98–00048–RFC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2001 *.

Decided Feb. 26, 2001.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before REINHARDT, WARDLAW, and GOULD, Circuit Judges.

### MEMORANDUM \*\*

We affirm the district court's judgment for the defendants. In reaching this conclusion, we consider the doctrines of res judicata and collateral estoppel, as well as the merits of Giebel's First Amendment claim.

### I.  RES JUDICATA

█ Res judicata does not bar completely Giebel's federal action. Federal courts must give preclusive effect to a state court's judgment to the same extent that such judgment would have preclusive effect in the state's own court. 28 U.S.C. § 1738; *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir.1993). Under Montana law, res judicata only applies if, inter alia, "the capacities of the persons are the same in reference to the subject matter and issues" in dispute. *Balyeat Law v. Hatch*, 284 Mont. 1, 942 P.2d 716, 717 (Mont.1997).

█ Three parties are named in both the federal and state actions: Daehling, Sylvester, and Curry. Two defendants are named for the first time in the federal action: Waln and Larce. As to the defendants named in both actions, in the state

---

\*\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

court action, Daehling and Curry were named in their official capacities only, while in the federal action, they are named in both their official and individual capacities.[1] Res judicata does not preclude an action against a person in an individual capacity simply because the matter has been litigated previously against that person in a representative capacity. *See S–W Co. v. John Wight, Inc.*, 179 Mont. 392, 587 P.2d 348, 355 (Mont.1978). Because the individual defendants in the federal action, with the exception of Sylvester, were not sued in their individual capacities in the state court action, res judicata does not preclude Giebel's federal action against them, except for Sylvester, in their individual capacities.[2]

While res judicata does not bar this action against defendants Daehling, Curry, Waln, or Larce in their individual capacities, it does not follow that we must reverse the district court's order holding to the contrary. We may affirm on grounds on which the district court has not ruled. *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1157 (9th Cir.2000). The defendants moved to dismiss for lack of subject matter jurisdiction (on the basis of both res judicata and collateral estoppel principles) and for failure to state a claim upon which relief can be granted. Below we first consider whether collateral estoppel provides a ground for the district court's judgment, and then whether the complaint's failure to state a claim provides such a ground.

## II. COLLATERAL ESTOPPEL

All of the issues raised by Giebel, except for the alleged First Amendment

violation, are precluded by the doctrine of collateral estoppel. Under Montana law, "collateral estoppel bars the reopening of an issue in a second cause of action that has been litigated and determined in a prior suit." *Finstad v. W.R. Grace & Co.*, 8 P.3d 778, 783 (Mont.2000). The doctrine of collateral estoppel consists of three elements: "(1) the identical issue raised has been previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; and (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication." *Id.; see also Holtman v. 4–G's Plumbing & Heating, Inc.*, 264 Mont. 432, 872 P.2d 318, 322 (Mont.1994).

First, with the exception of the First Amendment and copyright issues, precisely the same issues were raised in both cases. Although Giebel's copyright claim was not raised in the state court action, that claim is not on appeal to this court. After comparing Giebel's pleadings in Montana state court and in federal district court, we conclude that the only issue on appeal not raised in both cases is the First Amendment issue.

Second, a final judgment was entered in state court on the common issues raised in the state and federal actions. The state court entered summary judgment for the defendants, and summary judgment constitutes a final order for collateral estoppel purposes. *Smith v. Schweigert*, 241 Mont. 54, 785 P.2d 195, 198 (Mont.1990). Giebel erroneously contends that the state court never adjudicat-

---

1. In both the state and federal actions, Sylvester was named in both his individual and official capacities.

2. Two of the defendants, Waln and Larce, were not named in the state court action at

all. As to these defendants, in their individual capacities, res judicata does not preclude the action simply because they were not named in the state court action. *See Balyeat Law*, 942 P.2d at 717.

ed his due process claim. In fact, this issue was specifically considered and rejected in Section I of the state trial court opinion. The Montana Supreme Court reviewed it, and similarly rejected it. While Section X of the state trial court's opinion, which concerns Giebel's administrative procedure act claim, says that only "the majority of plaintiff's complaints" have been individually addressed, that statement does not imply that Giebel's Due Process claim was not considered and rejected on the merits. In fact, the Montana Supreme Court made clear that the trial court *did* specifically address the constitutional claims, and the only claims on the merits it did not address were the state administrative procedure act claims.

Finally, because Giebel is the party against whom collateral estoppel is being asserted and he was a party to the Montana state court proceedings, the third element is satisfied. All three elements for collateral estoppel are satisfied with regard to each issue on appeal, except for the First Amendment issue. Accordingly, we conclude that collateral estoppel bars Giebel from relitigating these issues in federal court.

## III.   FIRST AMENDMENT

As to Giebel's claim that the defendants violated his First Amendment "rights of free speech, association and petition," we conclude that the district court should have granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted. The facts as alleged by Giebel in his complaint simply do not rise to the level of a First Amendment violation. The First Amendment neither affords him a right to a professorship, nor the right to contest his termination by personally appearing before the Board of Regents.

## IV.   CONCLUSION

The district court did not err in entering final judgment for the defendants.

AFFIRMED.